## W. P. BARNES v. E. M. SPARKS.

### Decided October 26, 1910.

**1.—Pleading—Justice Court—Appeal.**

The rules of pleading in the County and District Courts do not apply to Justice Court. Pleadings there may be oral, and also in cases appealed therefrom to the County Court. A demurrer to defendant's answer there can not be said to have been improperly overruled where it did not appear that so much of same as appeared in writing was the only answer presented by him.

**2.—Practice of Medicine.**

A traveling physician examined a patient and took from such patient a promissory note to himself for medical services, entering into a written contract with such patient for his treatment by a certain Medical and Surgical Institute in another county, signed on behalf of such Institute by him as "Diagnostician." He testified that he did not furnish the medicines and directions, that being done by the "Institute." Held that he was practicing medicine and the note was given, at least in part, for his professional services, and invalid if his license to practice medicine was not filed in the county at that time. (Act of Feb. 22, 1901, secs. 12, 13, Laws 27th Leg., p. 15.)

**3.—Same—Note for Services—Innocent Purchaser.**

The defense to a note given for medical services that the payee had no certificate to practice medicine on file in the county at the time it was given is available against an assignee of the note unless he is an innocent purchaser of it.

**4.—Same—Notice.**

Evidence considered and held not to present a preponderance in support of the claim of plaintiff to be a purchaser of a note sued on without notice that it was given for medical services to one having no license as a practitioner on file in the county.

**5.—Note—Innocent Purchaser—Burden of Proof.**

It seems that the burden is on the plaintiff claiming to hold the promissory note sued on as an innocent purchaser without notice of facts rendering it invalid against the payee, to show absence of such notice.

**6.—Practice on Appeal.**

Appellate courts do not reverse recoveries because of mere preponderance of the evidence against them.

Appeal from the County Court of Hamilton County. Tried below before Hon. J. W. Warren.

*J. L. Lewis,* for appellant.

*H. E. Chesley,* for appellee.

KEY, CHIEF JUSTICE.—This suit originated in a Justice of the Peace Court, but was finally tried in the County Court without a jury, judgment rendered for the defendant, and the plaintiff has appealed. The suit was based on a promissory note for $100, dated January 7, 1905, due six months after date, with ten per cent attorney's fees in the event it was placed in the hands of an attorney for collection. It was payable to the order of T. M. Dunnagan, and was endorsed by him in these

words: "T. M. Dunnagan, without recourse." It was signed by the defendant Sparks as maker of the note, and he did not deny its execution, but pleaded that it was given for professional services rendered and to be rendered by T. M. Dunnagan as a physician, and alleged that at the time the note was executed T. M. Dunnagan was not authorized to practice medicine in Hamilton County, where the note was executed, because he had not caused his license to practice medicine to be recorded in that county. The plaintiff alleged that he was a purchaser for value before maturity, etc., and entitled to protection as a bona fide holder. The defendant controverted that plea and alleged that the plaintiff had notice of the facts constituting the defendant's defense at the time he purchased the note.

At the time of the transaction under consideration, the Act of 1901, regulating the practice of medicine, was in force, and sections 12 and 13 thereof read as follows:

"Sec. 12. Before any person obtaining a license under the provisions of this act can lawfully practice medicine, surgery or midwifery in this State he or she shall cause the said license to be recorded in the district clerk's office in the county in which he or she offers to practice. The license shall be recorded by the clerk of the District Court in a book to be kept for that purpose, which shall be properly indexed. The clerk shall receive from the applicant a fee of fifty cents for recording this instrument.

"Sec. 13. Any person who shall practice medicine, surgery or midwifery in this State in violation of the provisions of this act shall be fined not less than fifty dollars nor more than five hundred dollars for each offense or by both fine and imprisonment not exceeding six months, and it shall not be lawful for him or her to recover by action, suit, motion or warrant, any compensation for services which may be claimed to have been rendered by him or her as such physician, surgeon or midwife; provided that the provisions of this act do not apply to persons treating disease who do not prescribe or give drugs or medicine."

The first assignment complains of the action of the court in overruling the plaintiff's general demurrer to the defendant's answer, the contention being that the answer should have negatived the exceptions contained in the statute. The rules of pleading applicable to cases originating in District and County Courts do not apply to cases originating in Justice of the Peace Courts, although such cases may finally be tried in the County Court. In such cases, though the parties may replead in the County Court, such pleadings may be oral, and are not required to be as full and specific as is required when a case originates in the County Court. The written answer was filed October 11, 1909, and the case was tried October 22, 1909; and, as a matter of fact, it does not affirmatively appear that the case was tried on the answer referred to alone. It may be that when the case was tried the defendant interposed an oral plea as a substitute for his written answer, or as an amendment

curing the defect complained of. Hence, we conclude that the first assignment fails to disclose reversible error.

Under his second assignment of error appellant contends that the proof fails to show that the consideration for the note was the professional services of Dr. Dunnagan. The defendant testified that T. M. Dunnagan came to his residence in Hamilton County; that he (defendant) was afflicted with asthma; that Dunnagan represented himself as a physician, examined the defendant and agreed to cure him for $100; that the defendant accepted that offer and executed the note sued on and delivered it to Dr. Dunnagan. He also testified that on the same occasion and immediately after the execution and delivery of the note, Dr. Dunnagan gave him a dose of medicine, and that he thereafter received other medicine in pursuance of Dr. Dunnagan's contract, and did not know who sent the other medicine, unless it was Dr. Dunnagan. He also admitted that at the time he executed the note he signed the following written contract:

"This contract made and entered into by and between Terrell Medical and Surgical Institute, 285 Main Street of said county and State, party of the first part, and E. M. Sparks, whose postoffice address is Shive, in the county of Hamilton, State of Texas, party of the second part, witnesseth: That the party of the first part hereby agrees, for the sum of $100 paid as follows: One note six months after date to furnish all medicines and treatment to Mr. E. M. Sparks at the office of Terrell Medical and Surgical Institute, or to send him therefrom such medicines as may be considered necessary by first party for five months (or until cured or satisfied).

"2nd. Party of the second part agrees that said patient shall take all medicines and use all appliances according to directions given by first party. Patient shall report condition at least twice each month during term of treatment, and party of the second part agrees that all letters of first party shall be answered promptly regarding patient's condition, and further agrees to notify said first party, giving full symptoms of case at least five days before more medicine is needed.

"This is the only contract between the parties hereto, and no representative of the first party is authorized to make any change herein. Executed in duplicate on this the 7th day of January, A. D. 1905.

> "Terrell Medical and Surgical Institute,
>> "by T. M. Dunnagan, Diagnostician.
>>> "Party of the First Part.
>> "E. M. Sparks,
>>> "Party of the Second Part."

Dr. Dunnagan testified that he did not prescribe for the plaintiff nor give him any medicine; that he examined him, diagnosed his case, and that he was prescribed for by Dr. Terrell of the Terrell Medical and Surgical Institute at Dallas, and that the medicine was furnished by that Institute. We think the defendant's testimony warrants the con-

clusion that Dr. Dunnagan was practicing medicine on the occasion in question, and that at least part of the consideration of the note was for professional services rendered by him at that time. Therefore the second assignment is overruled.

The third and last assignment of error asserts that the judgment is contrary to the law and the evidence, because the latter showed that the plaintiff was the purchaser of the note in the regular course of business for value and without actual notice of the defenses set up by the defendant. Under that assignment two propositions are presented, the first being that the laws of this State do not make it unlawful for an assignee to maintain an action to recover for professional services of a physician prohibited by the statute from practicing. We overrule that contention and hold that such defense is available against an assignee, unless such assignee is entitled to protection as an innocent purchaser and bona fide holder.

The second proposition asserts that the preponderance of the testimony shows appellant to have been a purchaser before maturity for value in the regular course of business, and without such notice of the material facts set up in the defense as would make him a mala fides purchaser of the note sued on. That proposition might be answered with the statement that, as a general rule, appellate courts are not required to reverse cases upon a mere preponderance of testimony. It may be conceded that juries and trial judges should decide cases according to the preponderance of the testimony, but when a case reaches an appellate court a different rule prevails, and in order to obtain a reversal on account of the insufficiency of the testimony, it must be made to appear that there was an entire lack of testimony to prove some material fact, or that the verdict of the jury or finding of the trial judge is contrary to the overwhelming preponderance of the testimony. However, a consideration of the testimony in this case has led to the conclusion that the judgment is not contrary to, but is supported by the preponderance of the testimony bearing upon the question referred to. The statement of facts shows that at the time the note was executed Dr. Dunnagan had not filed in the office of the district clerk of Hamilton County his certificate authorizing him to practice medicine in this State, but that it was filed in that office January 9, 1905, two days after the execution and delivery of the note. The plaintiff testified that he bought the note sued on, together with seven other notes, from Dr. T. M. Dunnagan, the payee named in the notes, on April 25, 1905; that he paid cash for the notes, and bought them at a large discount, and that the proportion paid for the note involved in this case was $63.58; that he did not know the makers of any of the notes, but was informed by Dr. Dunnagan that they were responsible men, and that he also inquired of the Hamilton National Bank, and was informed by it that the notes were all good, with the exception of one or two; said the notes were endorsed by Dunnagan without recourse, and that Dunnagan told him that the note sued on was given for professional services, and showed him his

medical certificate entitling him to practice medicine in Texas.     He also testified that he was engaged in the mercantile, banking and money lending business; that he bought the notes as an investment and was not acting for or in collusion with Dr. Dunnagan; that he took them without recourse on Dr. Dunnagan, because he had information of the responsibility of the makers and considered them a good investment without Dr. Dunnagan's guaranty.     While on the witness stand, he used the following language:     "Before I purchased this note, Dr. Dunnagan assured me that he was a regular practicing physician, and showed me a medical certificate entitling him to practice medicine in Texas.     I saw the certificate before I bought this note, and have since learned that the cerficate has been recorded in this county."     Nowhere in the statement of facts have we been able to find that the plaintiff testified that at the time he purchased the note he had no knowledge of the fact that Dr. Dunnagan had not filed his certificate with the clerk of the District Court of Hamilton County before the note was executed.     In fact, he admits that Dr. Dunnagan showed him his certificate, which presumably he had obtained from the Board of Medical Examiners; and no doubt that instrument had the clerk's file mark upon it.     It is true that the Act of 1901, heretofore referred to, requiring the district clerk to record such certificates, does not require him to endorse the fact of such registration upon the certificate.     However, it was his duty to at least endorse his file mark upon it; and, in the absence of proof to the contrary, we think it ought to be presumed that when the plaintiff saw the certificate it contained an endorsement by the clerk showing that it was filed January 9, 1905, two days after the execution of the note.     The plaintiff did not swear that it did not contain such endorsement, nor did he testify that when he acquired the note he was not aware of the fact that Dr. Dunnagan's certificate had not been filed with the district clerk of Hamilton County until after the execution of the note.     Hence, we conclude that the plaintiff failed to show that he acquired the note without notice of the fact that it was tainted by an illegal consideration.     His counsel, judging from the manner in which the case is presented in his brief, seems to concede that the burden rested upon appellant to show such want of notice, and the authorities seem to support that view.     (Blum v. Loggins, 53 Texas, 121; Prouty v. Musquiz, 94 Texas, 87; 1 Daniel Negotiable Instr., sec. 814.)

No reversible error has been shown and the judgment is affirmed.

*Affirmed.*