FIDELITY LUMBER CO. v. BEAN.
(No. 370.)

(Court of Civil Appeals of Texas. Beaumont. May 9, 1918.)

1. JUSTICES OF THE PEACE ☞174(8) — APPEAL—AMENDMENT OF PLEADING.

In an action for the value of a mare killed by defendant's log train, plaintiff's oral plea in the county court on appeal from justice court, stating that the mare was killed by the negligence of defendant, held not subject to objection that it essentially changed cause of action.

2. JUSTICES OF THE PEACE ☞90 — ORAL PLEADINGS—SUFFICIENCY IN GENERAL.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 2326, providing that pleadings in the justice courts shall be oral, except when otherwise especially provided, the particularity required in written pleadings is not necessary in the oral statements in the justice court.

3. JUSTICES OF THE PEACE ☞174(22) — REPLEADING IN COUNTY COURT — RULES APPLICABLE.

The pleadings on appeal from a justice court to the county court are governed by the rules applicable to justice courts, and the parties are entitled to replead in county court, without complying with rules of pleading applicable to cases originating in county courts.

4. JUSTICES OF THE PEACE ☞174(22) — APPEAL TO COUNTY COURT—ORAL AMENDMENT OF PLEADING.

Where pleadings in justice court are oral, amendments in the county court may also be oral.

5. JUSTICES OF THE PEACE ☞174(26)—NEGLIGENCE—ISSUES, PROOF, AND VARIANCE.

In action for value of plaintiff's mare killed by defendant's log train, plaintiff's oral justice court pleading as orally amended in county court held sufficient to permit evidence that mare was negligently killed by defendant.

Appeal from Tyler County Court; W. A. Johnson, Judge.

Suit in justice court by Mack Bean against the Fidelity Lumber Company. There was judgment for plaintiff, and from decision rendered by county court on appeal, defendant appeals. Affirmed.

Thomas & Wheat, of Woodville, for appellant. J. A. Mooney, of Woodville, for appellee.

BROOKE, J. This suit was brought by appellee, Mack Bean, in the justice's court, precinct No. 1, Tyler county, against appellant, Fidelity Lumber Company, for $125, the alleged value of one mare killed by the appellant's log train in Tyler county on or about August 10, 1916; said mare being the property of appellee. A judgment for $100 and costs was rendered by the justice's court in favor of appellee, from which judgment an appeal was taken to the county court of Tyler county, and duty perfected. The cause was tried on September 18, 1917, before the county court, without a jury, and resulted in a judgment for appellee in the sum of $125 and costs.

The issues made by the pleadings in the justice's court were as follows:

"The value of one mare killed by the defendant's log train in Tyler county, Tex., on or about the 10th of August, 1916, and same being plaintiff's property and of the value of $125."

An additional oral plea noted on the justice's docket was made as follows:

"That defendant operates a railroad in Tyler county, Tex., and was operating said train on the date· of the alleged injury of plaintiff's horse, to wit, August. 10, 1916; that said railroad was not fenced at the place, and that said defendant with its train consisting of an engine and logs killed bay mare, same being the prop-

erty of plaintiffs and of the value of $125, and defendant refuses to pay same or any part thereof."

In the county court appellee pleaded orally that he was the owner of one bay mare of the value of $125, and that on or about August 16, 1916, said mare was killèd by the negligence of defendant. In the county court appellant filed its written motion to strike out the plaintiff's oral pleadings in said court, which alleged a new cause of action, and because the plea or averment that defendant negligently killed his horse was insufficient and should state at least general negligence in some particular, and because oral pleadings cannot be made on appeal in the county court. Said written motion to strike out said oral pleadings was overruled. The case is now before this court for review.

[1] The first assignment of error seems to have grouped the second and fifth assignments, and the same will be considered together, as follows:

(a) "The court erred to the prejudice of defendant in overruling its motion to strike out plaintiff's oral pleadings in the county court to the effect that his horse was killed by the negligence of defendant, because such plea of negligence is made for the first time in county court on appeal, and because it does not state in what particular the defendant was negligent."

(b) "The court erred in overruling defendant's motion to strike out the plaintiff's oral plea in the county court to the effect that his horse was killed by the negligence of defendant, because such plea could not be made for the first time on appeal in the county, and because it does not state in what particular the defendant was negligent, and because such plea cannot be made by oral pleadings in the county court, but should be by written pleadings in the form of amended pleadings, if made at all."

The proposition urged under this assignment is that the cause of action pleaded in county court on appeal must not only be similar, "but essentially identical"; that is, the cause so pleaded on appeal in county court must be such that the same evidence will support both of the pleadings, and the allegations must be subject to the same defense.

[2-4] Article 2326, Vernon's Sayles' Civil Statutes 1914, provides that the pleadings in the justice's court shall be oral, except where otherwise specially provided, but a brief statement thereof may be noted on the docket. Construing the article, the decisions are to the effect that the fullness and particularity required in written pleadings are not necessary in the oral statements in the justice's court, and that even the form of an account will not prejudice the rights of the plaintiff as disclosed by the evidence, and it has further been held that a pleading in justice's court, though in writing, need not be more specific than if the case had been tried on oral statements of the cause of action; and the effect of this article is that no rule is prescribed except that the statement, which may be made by the parties, may be oral, and shall be entered on the docket by the justice of the peace. The form in which

the cause of action or ground of defense is so stated is of no importance, and if from all that is stated, oral or written, the court can ascertain what right the plaintiff asserts and what defense the defendant interposes, the pleading is sufficient. Rector v. Orange Rice Mill Co., 100 Tex. 591, 102 S. W. 402. It has also been held that the pleadings on an appeal from a justice's court to the county court are governed by the rules applicable to justices' courts, and that parties to an action originating in the justice's court were entitled to replead in the county court without complying with the rules of pleading applicable to cases originating in the county court (Threadgill v. Shaw, 130 S. W. 707; Barnes v. Sparks, 62 Tex. Civ. App. 451, 131 S. W. 610), and, in the same connection, that the parties in an action originating in the justice's court may orally replead in the county court (Loomis v. Broaddus & Leavell, 134 S. W. 743), and, further, that pleadings on appeal from justice's court need not be in writing, and oral amendments can be made (Daniel v. Brewton, 136 S. W. 815). It has also been held that on appeal from justice's court pleadings may be amended. G., H. & S. A. R. Co. v. Herring, 28 S. W. 580; Clements v. McCain, 49 S. W. 122; Von Boeckmann v. Loepp, 73 S. W. 849; City of Van Alstyne v. Morrison, 33 Tex. Civ. App. 670, 77 S. W. 655; Fowler v. Michael, 81 S. W. 321. Also it has been held that a new cause of action or defense cannot be pleaded in the county court. Wright v. Dodson, 93 S. W. 1075; Wooley v. Corley, 57 Tex. Civ. App. 229, 121 S. W. 1139; Amarillo Com. Co. v. Chicago, R. I. & G. Ry. Co., 140 S. W. 377.

The rules of pleading in the justice's court are very liberally construed by the courts, and in the matter complained of the mere fact that it was the same cause of action, that is, the action was for the killing of a horse, in the opinion of this court, might be amplified in the county court, and evidence permitted to show the fact that it was on account of the negligence of the private railroad company. However, there was no change of the cause of action essentially, and that is the ground of complaint in this case. We see no error in the action of the trial court, and the same is overruled.

[5] The second assignment of error undertakes to group the first and fourth assignments and consider the same as one assignment, and is as follows:

(a) "The court erred to the prejudice of defendant in overruling its general demurrer, because in justice court plaintiff's cause of action asserted was that his horse was killed by the defendant's log train, to his damages $125, and on appeal that said horse was negligently killed by defendant without stating the manner or character of negligence, which pleadings were orally made and were insufficient, as more fully shown by its bill of exception No. 1."

(b) "The court erred in overruling defendant's special exception No. 2, because the plaintiff does not charge negligence in his cause of ac-

tion, when the defendant was operating only a private tramroad, nor did he charge the character of negligence by any pleadings."

The rules of pleading in the justice's court are very liberally construed by the courts, as before set out, and we believe that the pleading was sufficient, under the amendment in the county court, to permit evidence that the horse was negligently killed by the defendant, and under the rules that govern the pleadings in the justice's court, and the rules which govern in cases which originate in the justice court and are on appeal in the county court, the pleading in this case is sufficient to admit the testimony offered.

The record has been carefully examined in this case, and we find no error in the action of the trial court that would lead us to the conclusion that we should reverse the action of said court.

The assignments therefore are overruled, and the case is in all things affirmed.

---

⬤══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes