HOUSTON & TEXAS CENTRAL RAILWAY COMPANY v. SOUTHREN ARCHITECTURAL CEMENT COMPANY.

No. 3313.  Decided December 6, 1922.

(245 S. W., 644.)

1.—Pleading—Justice Court.

Pleadings in Justice Court are oral and may be orally amended; and this applies though on appeal the parties replead in the County Court; that is, these may be oral and are not required to be as specific as in a case originating in the County Court.  (p. 146).

2.—Same—Carrier—Overcharge.

Proceedings herein in the Justice Court and in the County Court on appeal, where there was a written amendment of the pleadings, are considered and held sufficient to show that plaintiff's claim for an overcharge by defendant on freight transported by it was based on written bills of lading for such property—there being nothing to show that there was not such oral amendment of the repleading as would particularize the ground of recovery.  (p. 146).

3.—Same—Rate Not Specified—Limitation.

The action herein, being for overcharge by a railroad for transportation of freight shipped by plaintiff upon written bills of lading, was one "founded upon" and "evidenced by" written contracts, and hence barred by limitation in four years, not in two—though the rate to be charged was not specified in the bills of lading, but left by them to be determined by the rates and classifications of the Railroad Commission.  (p. 147).

Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

The questions involved being by the Supreme Court referred to the Commission of Appeals, Section A, for their opinion, and same adopted by the Supreme Court, it is accordingly certified to the Court of Civil Appeals as the answer to such questions.

*Baker, Botts, Parker & Garwood, Smith Robertson & Robertson,* and *Paul A. McDermott,* for appellant.

. Actions for debt where the indebtedness is not evidenced by a contract in writing are barred within two years from the date of the accrual of the indebedness.  Vernon's Sayles' Revised Statutes of Texas, Article 5687.  Elder Dempster & Co. v. St. L. S. W. R'y Co., 105 Texas, 628; Schloss v. A. T. & S. F. R'y. Co., 85 Texas, 601.

It is appellant's contention that "evidenced by" or "founded upon," means more than incidentally connected with, and that the words of the statute go further and demand that a cause of action must be so dependent upon the written contract, that without it the appellee would not be entitled to recover.  Such is evidently not the fact in this case.  Not once before the question of limitation arose did ap- .

pellee rely even the slightest upon the bills of lading issued to it other than as mere evidence of the receipt by appellant of the shipments, and of appellant's agreement to carry to destination. The question of overcharge, according to the view of all parties, was to be determined by the rates and classifications on file with and duly approved by the Railroad Commission of Texas. These rates and classifications were filed with and approved by the Commission under the authority of the Act creating it. Appellant's liability, if any, was wholly independent of and not related with the contract, but on the other hand depended entirely upon the rates and classifications promulgated by Railroad Commission of Texas. The liability of appellant was not such that it could be changed, altered or regulated in any way, manner, shape or form, by contract, but the same depended entirely upon the law of the State and the rules and regulations of the Railroad Commission. The contract could not in one particular change, alter or amend this liability. It is evident that all parties understood that the rates, rules and regulations, whatever they were, prescribed by the Railroad Commission of Texas, would govern the amount of freight to which appellant would be entitled for the services rendered by it, and that such freight charges were not the subject of contract, and that the parties to the bills did not attempt to contract with reference thereto.

*Claude M. McCallum,* for appellee.

The cause of action herein is an action for debt, and is evidenced by and founded upon a contract in writing, to-wit, a bill of lading, and the statute of four years limitation applies herein. Vernon's Sayles Revised Statutes of Texas 1914, Art. 5688; Elder, Dempster & Co. v. St. L. S. W. Ry. Co. of Texas, 105 Texas, 628; Elder, Dempster & Co. v. St. L. S. W. Ry. Co. of Texas, 156 S. W., 1089; T. & P. Ry. v. Langbehn, 158 S. W., 245; Williamson & Co. v. T. & P. Ry. C., 166 S. W., 693; T & P. Ry. Co. v. R. W. Williamson & Co., 187 S. W., 355; Ft. W. & Denver City Ry. Co. v. Bone, 195 S. W., 244.

It was necessary for appellee to prove in this case the execution and delivery of the bills of lading, and if such was necessary it follows that his action for this debt is evidenced by and founded upon those instruments in writing.

MR. JUSTICE RANDOLPH, delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the Fifth Supreme Judicial District of Texas certifies the following questions to the Supreme Court, which questions and statement accompanying same are as follows:

"The appellee filed three separate suits in the Justice Court of Dallas County to recover alleged overcharges in freight on three several carloads of building material shipped by appellee over the

railway lines of appellant. Two of the three suits were filed on November 21, 1914, and one on December 16, 1914. The statement of the nature of plaintiff's demand in the citation issued by the Justice of the Peace in one of the suits filed November 21, 1914, is as follows: 'Suit for the sum of $43.96 overcharge on bill of lading dated November 24, 1910, issued by defendant company over its line on shipment of carload of artificial moulded stone to Geo. W. Sonnefield at Calvert, Texas, and delivered on H. & T. C. freight bills Nos. 8167 and 8724 as shown by claim number 398954 and S. W. Traffic Bureau claim No. 2842. Plaintiff alleges that said claim is a *bona fide* one and that more than thirty days before the filing of this suit said claim was presented to defendant for payment and defendant refused and still refuses to pay same; plaintiff was compelled to employ an attorney to bring this suit and that $20 is a reasonable fee for such services. Plaintiff sues for its debt, legal interest, attorney's fees, costs of suit. The statement of the nature of plaintiff's demand in the citation issued by the Justice of the Peace in the other suit filed on November 21, 1914, is the same as that just quoted, except as to the amount sued for. The statement of the nature of plaintiff's demand in the citation issued by the Justice of the Peace in the suit filed on December 16, 1914, is as follows: Suit on overcharge on freight on Houston & Texas Central Railroad Company, on carload of artificial moulded stone to Geo. W. Sonnefield at Calvert, Texas, and delivered to H. & T. C. Ry. Co., on December 19, 1910, in the sum of $41.36. Plaintiff alleges that said claim is a *bona fide* one and that thirty days before filing this suit, plaintiff, its agent, presented said claim to the defendant and that defendant refused to pay the same and plaintiff has been compelled to place said claim in the hands of an attorney for collection, wherefore plaintiff prays judgment of the court for the sum of $41.36 with legal interest and for $20 attorney's fees, for all costs of suit.' These suits were consolidated in the Justice Court. Upon trial in that court appellee recovered judgment for the sum of $141.52. From this judgment appellant appealed to the County Court of Dallas County at Law. In the latter court appellee filed its first amended original petition, which, omitting formal parts, is as follows: 'Comes the plaintiff, Southern Architectural Cement Stone Company, and leave of the court had and obtained files this its first amended original petition and shows the following:

1. That on to-wit, November 19, 1910, plaintiff made shipment from Dallas, Texas, of a carload of artificial moulded stone, plain not lettered or figured to George W. Sonnefield at Calvert, Texas, delivering same to Houston & Texas Central Railroad Company, at Dallas, Texas for transportation, for which said Houston & Texas Central Railroad Company issued its bill of lading, dated at Dallas,

Texas, November 19, 1910, same being·delivered at Calvert, Texas on Houston & Texas Central Railroad Company's freight bills numbers 8167 and 8724 dated December 2nd and December 20th, respectively. That on said shipment the said Houston & Texas Central Railroad Company made an overcharge in freight in the sum of $43.96.

2.   That on to-wit November 14; 1910, plaintiff made shipment from Dallas, Texas, of a carload of artificial moulded stone, plain, not lettered or figured, to James Stewart Company at Houston, Texas, delivered same to Houston & Texas Central Railroad Company at Dallas, Texas, for transportation, for which said Houston & Texas Central Railroad Company issued its bill of lading dated at Dallas, Texas November 14, 1910, same being delivered at Houston, Texas on Houston & Texas Central Railroad Company's freight bill No. 24561 dated Houston, Texas, November 29, 1910. That on said shipment the said Houston & Texas Central Railroad Company made an overcharge in freight in the sum of $46.20.

3.   That on to-wit, December 10, 1910, plaintiff made shipment from Dallas, Texas, of a carload of artificial moulded stone, not lettered or figured, and 1100 lbs. of figured stone, to Geo. W. Sonnefield, at Calvert, Texas, delivering same to the Houston & Texas Central Railroad Company at Dallas, Texas, for transportation, for which said Houston & Texas Central Railroad·Company issued its bill of lading dated at Dallas, Texas, December 10, 1910, same being delivered at Calvert, Texas, December 19, 1910. That on said shipment the said Houston & Texas Central Railroad Company made an overcharge in freight in the sum of $41.36.

4.   That heretofore plaintiff filed in the Justice Court of Precinct No. 1, Dallas County, Texas, three separate suits to recover the several items of damages set. out in paragraphs 1, 2 and 3 hereof, having given more than thirty days before the filing of each of said suits, notice to defendant of its claim for the several items of damage hereinbefore set out and praying for a reasonable attorney's fee in each of said suits. That heretofore said several suits instituted by plaintiff were in Justice's Court consolidated into one suit being the suit herein maintained by plaintiff, plaintiff at said time waiving its demand for the attorney's fees theretofore demanded except for an attorney's fee in the sum of $20.00. That plaintiff having given notice to defendant of its claims and defendant having refused to pay same or any part of same has employed an attorney to bring and prosecute this suit and that $20.00 is a reasonable fee for such services.

Wherefore plaintiff prays that it have judgment for its damages in the aggregate sum of $131.52 interest on same from January 1, 1911, until January 1, 1917, at the rate of 6% per annum, $20 as its reasonable attorney's fees all costs of suit and such other relief to which it may show itself entitled.'

The appellant issued and delivered to appellee on the respective dates of the alleged shipments, bills of lading, in which it agreed to transport the property received for shipment and deliver the same to the consignee. Each bill of lading recites that the property received for shipment is accepted for transportation upon the following terms and conditions, which are agreed to by the shipper, namely: 'The rate of freight for transportation of the articles named herein from place of shipment to destination is guaranteed not to exceed the rate specified herein and charges added or incurred; provided, that the contents and weight of packages as noted herein are correct. It is, however, further understood and agreed that only approximate weights are signed for and correct weights and classification are to be ascertained and collected at destination; provided, however, it is expressly stipulated and understood that this bill of lading is given subject to correction as to rate, weight and classification so as to conform to the rate, rules and regulations prescribed by the Railroad Commission of Texas; and if destination is beyond the limits of the State of Texas then subject to correct so as to conform to the rates, rules and regulations established by the laws regulating interstate commerce.' Neither of the bills of lading was attached to or made a part of plaintiff's petition, but were introduced in evidence. The amounts of freight paid or due to be paid for the transportation of the several shipments was not mentioned in the bills of lading.

Appellant pleaded a general demurrer, the general issue, and by special exception and answer pleaded the statutes of limitation of two years. These demurrers were overruled and defendant excepted. Upon the conclusion of the evidence appellant requested the following instruction: 'You are instructed that plaintiff's suit is barred by the statute of limitations of two years and you will therefore return a verdict for the defendant.' This instruction was refused.

The case was submitted to a jury on special issues and upon the verdict found by the jury the court rendered judgment for appellee for the sum of $198.86. Appellant's motion for a new trial was overruled and the case is now before this court on appeal.

The record conclusively shows that more than two years elapsed from the time of the payment of the alleged overcharges in freight to the time this suit was instituted and it is assigned that the court erred in failing and refusing to give in charge to the jury appellant's requested instruction directing the jury to return a verdict in its favor on the ground that plaintiff's right of action was barred by the statutes of limitation of two years.

The Judges of this Court disagree upon the question of law raised by this assignment of error and especially since our jurisdiction is final, deem it advisable to certify the questions set out below to the Honorable Supreme Court of Texas for adjudication.

QUESTION 1. Did appellee have a cause of action upon the bills of lading issued by appellant for the transportation of the property shipped by it, for a recovery of the overcharges claimed? If so, do the pleadings of appellee show that its suits instituted in the Justice Court, and which were consolidated in the County Court, are based upon said bills of lading?

QUESTION 2. Is the suit, as consolidated, of such character as renders the statute of limitation of two years applicable, or is it controlled by the statute of limitation of four years?

QUESTION 3. Assuming there was an overcharge in the freight rate, was the cause of action, recited in the citations from the Justice Court and amplified in the amended petition filed in the County Court, either 'evidenced by' or 'founded upon' a written contract,—the bill of lading,—within the rule announced in Elder, Dempster & Co. v. St. L. S. Ry. Co., 105 Texas, 628, 154 S. W., 975.

We think that the answers to the above questions are controlled by the answer to the question whether or not the cause of action stated in appellee's petition in the county court was evidenced by or founded upon the bills of lading. The solution of this last question depends upon the certainty required in pleadings filed in justice court and in the county court on appeal from the justice court.

Article 2326, Vernon's Civil Statutes, provides that the pleading in justice court, with certain exceptions, shall be oral, but that a brief statement thereof may be noted on the docket and Article 2328 further provides that the pleadings may be amended in accordance with the rules governing amendments or pleadings in the district or county courts so far as same are applicable.

A bill of lading issued by a railroad company is recognized and treated by our Supreme Court as a written contract between the parties thereto. G. H. & S. A. Ry. Co. v. Jones, 104 Texas, 92, and 134 S. W., 328; Elder, Dempster & Co. v. St. L. S. Ry. Co., 105 Texas, 636, 154 S. W., 975.

The last named case came within the jurisdiction of the County Court. The Supreme Court recognizes the rule to be actions for debt founded on any contract in writing include all suits to recover money for the breach thereof without regard to the technical distinction between debts and damages, Robinson v. Varrell, 16 Texas, 382; Elder, Dempster & Co. v. St. L. S. Ry. Co., supra.

A bill of lading being recognized as a written contract and suit upon same being an action for debt, the only question remaining to be solved in answer to the questions propounded by the Court of Civil Appeals is: Do the pleadings of the plaintiff in the Justice Court, and as amended in the County Court, present a case evidenced by or founded upon such written contract?

In passing upon this question it must be kept in mind that this was a case originating in the Justice Court and that rules applicable to pleadings in the Justice Court and amendments thereto must

be the guide for our determination of the sufficiency of such pleadings.

In the case of Fidelity Lumber Co. v. Bean, 203 S. W., 782 it is held:.

"The form in which the cause of action or ground of defense is so stated is of no importance and if from all that is stated, oral or written, the court can ascertain what right the plaintiff asserts and what defense the defendant interposes, the pleading is sufficient," citing Rector v. Orange Mill Co., 100 Texas, 593, 102 S. W., 402.

In the Rector case, last named, the Supreme Court passing upon the question of the sufficiency of the pleadings in the Justice Court, not only approves the above rule, but gives an application of it to the facts of the case as shown in the case of Texas & P. Ry. Co. v. Wright, 2 Willson's Civ. Cases 292, in the following language:

"The following article of the Revised Statutes expresses the only rule that exists in our law governing the pleading of the parties in Justice Courts:

'Article 1603. The pleadings in the Justices' Courts shall be oral except where otherwise specially provided; but a brief statement thereof may be noted on the docket.'

The effect of the article is that no rule is prescribed, except that the statement which may be made by the parties shall be oral and may be entered by the justice of the peace on his docket. Our courts have uniformly held that the form in which a party to a suit in a Justice Court may state his cause of action or ground of defense is of no importance. An examination of the cases cited below will sustain the proposition that if from all that is stated, written and oral, the court can ascertain what right the plaintiff asserts, or what defense the defendant interposes, the pleading will be held sufficient. (Doyle v. Glasscock, 24 Texas, 201; Texas & Pac. Ry. Co. v. Wright, 2 Willson's Civ. Cases, sec. 339, p. 292; Kellers v. Rippien, 9 Texas, 443; Long v. Cude, 75 Texas, 225.)

In Texas & Pac. Ry. Co. v. Wright, cited above, the account was made out in this form:

'The Texas & Pacific Railroad Company,

In account with J. E. Wright and E. S. Seay, Dr.

October 31, 1883. To amount of draft paid Messrs. Coleman, Simpson & Co., for the detention of goods, as per attached invoice, and interest and damages ............................... $195.'

The facts were that Coleman, Simpson & Co., mentioned in the account, shipped goods over the railroad of the appellant in care of Wright and Seay. The shippers sold the goods while in transit to Wright and Seay and, the goods not having been delivered, the latter brought suit for their value presenting the account in the form shown above as for money paid for the goods. The Court of Appeals in disposing of the question of the sufficiency of the pleadings said: 'This is not a suit upon an account, but it is a suit to recover damage

112 Tex.—10

for breach of contract, against a carrier, in failing to deliver goods instrusted to it for transportation. We have no forms of action, and it makes no difference in what shape a plaintiff presents his cause of action, the courts will look to the substance of it, and not be controlled by the mere form in which it is set forth.' The conclusion of the court thus expressed is fully sustained by the other authorities cited herein.''

The rules of pleading applicable to cases originating in justice courts apply even though the parties may replead in the county court,—such pleadings may be oral and are not required to be as specific as when a case originates in the County Court.

Chief Justice KEY, for the Third Court of Civil Appeals in the case of Barnes v. Sparks, 62 Texas Civ. App., 452, 131 S. W., 611, lays down the following rules as applicable to the pleadings in such cases:

''The first assignment complains of the action of the court in overruling the plaintiff's general demurrer to the defendant's answer; the contention being that the answer should have negatived the exceptions contained in the statute. The rules of pleading applicable to cases originating in district and county courts do not apply to cases originating in justice of the peace courts, although such cases may finally be tried in the county court. In such cases though the parties may replead in the county court, such pleadings may be oral, and are not required to be as full and specific as is required when a case originates in the county court. The written answer was filed October 11, 1909, and the case was tried October 22, 1909; and, as a matter of fact, it does not affirmatively appear that the case was tried on the answer referred to alone. It may be that when the case was tried the defendant interposed an oral plea as a substitute for his written answer, or as an amendment curing the defect complained of, Hence we conclude that the first assignment fails to disclose reversible error.''

The same court in the case of Threadgill v. Shaw, 130 S. W., 707, recognizes the rule to be that the pleadings in the County Court on appeal from the Justice Court are governed by the rules applicable to justice court cases.

In two of the three cases at bar, as originally filed in Justice Court, and as consolidated and amended in the County Court, the bills of lading were set out and identified by number and an overcharge was pleaded. There is nothing in the amended claim in the County Court to indicate that the plaintiff was seeking a recovery for tort, but the clear inference therefrom is that the suits were bought upon the bills of lading, and, in addition, under the rule laid down in the Barnes case, supra, there is nothing to show that the trial was had upon the written pleadings only, or that no oral amendment was made setting out with a greater degree of particularity the grounds upon which the cause of action was founded.

The fact that the bills of lading failed to state the rate charged could be cured by proper pleadings and we hold that this may have been done orally, so far as the record discloses.

We therefore find in the cases at bar that the pleadings of plaintiff were sufficient to entitle it to recovery upon the bills of lading, that such action was founded upon a contract in writing and that the two years statute of limitation does not apply and, hence, we recommend that the questions propounded by the Court of Civil Appeals be answered as follows:

Answer No. 1. Plaintiff had a cause of action upon the bills of lading as contracts in writing and its pleadings were sufficient to show that they are based upon such bills of lading. (And that there is nothing to show that there was not such oral amendment as would particularize its ground of recovery.) Second Answer. The four years statute and not the two years statute applies to plaintiff's cause of action. Third Answer. Such cause of action was sufficiently set out in the citations and pleadings and showed a cause of action evidenced by or founded on a written contract.

BY THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.