## AMERICAN MORTG. CORPORATION v. SMITH (two cases).

### Nos. 3468, 3504.

Court of Civil Appeals of Texas. Amarilló.
Feb. 18, 1931.

S. A. Williams, of Dallas, for appellant.

Levens, McWhorter & Howard, of Lubbock, for appellee.

RANDOLPH, J.

Cause No. 3468 is an appeal from an order of the court overruling a plea of privilege, and cause No. 3504 is an appeal from a trial on the merits.

The appellee filed his suit in the county court of Lubbock county against the appellant and one J. C. Roberts, constable of precinct No. 1 of Lubbock county, Tex., seeking recovery of damages for the conversion of an automobile of which he was alleged to be the owner. The appellant alleges that the defendant J. C. Roberts is a resident of Lubbock county, Tex., and that the defendant American Mortgage Corporation has its principal office and domicile in Dallas county, Tex. The appellant filed its plea of privilege to be sued in the county of its residence, Dallas county, Tex. This was duly controverted by the plaintiff, and on hearing before the trial court the plea of privilege was overruled, and from such order overruling the plea, the defendant mortgage company has appealed.

The plaintiff's petition alleges his ownership of an automobile and conversion thereof by

the defendants. In the affidavit controverting the plea of privilege, plaintiff further alleges by way of copying the allegations of his petition:

"That the defendants knew or should have known that the automobile belonged to the plaintiff. That they had no rights therein. Further it was an attempt on the part of defendants to coerce him into paying the debt of another that he was in no way liable for and that he had no knowledge of; that said defendants maliciously, willfully, fraudulently, wrongfully and unlawfully, without any sufficient excuse or reason, took said automobile from the possession of the plaintiff and converted it to their own use with an utter disregard of plaintiff's rights therein. * * * Further said affidavit sets out the residence of J. C. Roberts as being in Lubbock County, Texas, and also alleges that said conversion and trespass complained of occurred in Lubbock County, Texas, and was a conversion for the use and benefit of the defendants and that the cause of action, therefore, arose in Lubbock County, Texas."

 Subdivision 9 of article 1995, R. C. S. 1925, provides that a suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed or in the county where the defendant has its domicile.

Subdivision 23 provides that suits against a private corporation, association, or joint-stock company may be brought in any county in which the cause of action or a part thereof arose.

Suit for conversion is properly brought in the county where the conversion of property occurs, as well as by reason of said subdivision 23. Bowers v. Bryant-Link Co. (Tex. Com. App.) 15 S.W.(2d) 598; Grayburg Oil Co. v. Powell, 118 Tex. 354, 15 S.W.(2d) 542. The trial court, therefore, did not err in overruling the defendant's plea of privilege.

### On the Merits of the Case.

As stated in the foregoing, this suit was brought by the plaintiff to recover damages due the plaintiff for the value of an automobile alleged to have been converted by the defendants. On hearing the case, the trial court rendered judgment that the plaintiff take nothing by reason of his suit against the defendant J. C. Roberts, and as to the mortgage company, submitted to the jury the following issue for their answer:

"Special Issue No. One. What do you find was the reasonable market value of the Chevrolet car in question at the time it was taken from Smith? Answer in dollars and cents."

The jury answered that the value of the automobile at that time was $325.

It will be seen that the trial court, by the submission of only the one issue, decided all other questions in the case in favor of the plaintiff. This being true, we will now consider the questions presented by the defendant mortgage company, who alone appealed from the judgment.

Plaintiff alleges error in the trial court's permitting evidence to be introduced aliunde the record by the plaintiff to show the invalidity of the judgment of the justice court of Dallas county and that the exclusion of the certified copy of the judgment of said justice was error.

The plaintiff testified substantially that he owned a Chevrolet car No. 4035481. That on March 5, 1930, was the last time he had it in his possession; that he first came into possession of it when he bought it from the Gough Motor Company, doing business in Lubbock, Tex. When he first saw this car it was on the used car lot belonging to the Gough Motor Company, and he asked the price of it of the salesman for that company. The salesman told him that he would have to go and see Mr. Gough. Plaintiff then went and talked to Gough, and Gough and plaintiff made a trade and the papers were made out; the plaintiff being allowed $150 for his old car. The plaintiff was to pay the balance of the purchase price of the car in weekly installments of $50. At the time he purchased the Chevrolet car, the Gough Motor Company gave him a bill of sale to the car. At the time he purchased the car, nothing was said about there being a mortgage on the car he bought and he had no actual notice of any such mortgage.

On or about March 5, 1930, the constable came and showed the plaintiff a paper and told him there was another mortgage and took the car. Plaintiff has not had the car since. The plaintiff did not consent to the taking of the car. At the time the constable took the car, its reasonable cash market value was $400. The plaintiff was shown what was called a citation, just showed it to him, but did not give him a paper of any kind. The paper he saw told the officer to take possession of the car, or something to that effect. He does not remember whether the paper was signed by Mr. Fly, justice of the peace of Dallas county.

There was introduced in evidence a copy of a chattel mortgage note for $242.40, payable in installments of $24.24, beginning September 24, 1929, and on the 1st of each month thereafter for nine months, signed by James W. Odell, and payable to the order of Nolan E. Whitlow & Company and reserving a chattel mortgage lien upon a Chevrolet motor vehicle, type I. M. P. London sedan, model 1928, manufactured 1928, serial No. 3 AB 32221, motor No. 4035481, license No. 983–

643, year of license 1929, purchased (new) March 1, 1928, at a cost of $928 (including $214 in trade), now in my (or our) possession, unincumbered, usually kept at Lubbock, Tex., extra tire and bumpers. A transfer of said chattel mortgage note from Nolan E. Whitlow & Company (by J. O. Jones) to the American Mortgage Company was indorsed on the back thereof, and a copy of this mortgage note was deposited with the county clerk of Lubbock county, Tex., on the 21st of August, 1929.

The deputy tax collector of Lubbock county testified as to the numbers of the registered car and the dates of such registration, which is immaterial to the discussion of the case hereinafter had.

The defendant mortgage company's bill of exception No. 2 was reserved to the action of the trial court in excluding a certified copy of the following judgment:

"American Mortgage Corporation vs. Jas. W. Odell, et al. No. 30,950.

"In the Justice Court, Precinct No. One, Dallas County, Texas.

"3/10/30. This day came plaintiff, American Mortgage Corporation, a corporation, by its attorney of record, and the defendants, Jas. W. Odell and E. L. Smith, and Gough Motor Company, a corporation, though duly cited to appear and to answer in the manner and for the length of time as required by law, having failed to appear and wholly made default, wherefore, no jury having been demanded, the Court after hearing the pleadings and the evidence adduced thereon in said cause, is of opinion that the law and the facts are for the plaintiff; and it further appearing to the court that plaintiff's cause of action is founded upon a chattel mortgage lien and note, in writing, executed by said defendant, Jas. W. Odell, and delivered to plaintiff, secured by chattel mortgage lien upon one certain Chevrolet sedan automobile, Motor No. 4,035,481, and License No. (1929) 983–643.

"It is therefore ordered, adjudged and decreed by the court that the plaintiff, American Mortgage Corporation, do have and recover of the defendant, Jas. W. Odell said sum of $177.18 its principal debt, plus additional sum of $17.70 attorney's fee and with interest at the rate of ten per cent per annum from the 21st day of December, 1929, together with all its costs in this behalf expended, for which it may have its execution.

"It is further ordered, adjudged and decreed by the Court that the chattel mortgage lien upon the above described chattel property be, and the same hereby is, foreclosed; that all liens and claims of the defendants Gough Motor Company, a corporation, and of E. L. Smith, be and same are hereby declared inferior and subject to the lien of

plaintiff, American Mortgage Corporation; that an order of sale herein issue to the Sheriff or any Constable of Lubbock County, Texas, or of any other county in which said chattel property may be found, commanding him to seize and to sell the same as under execution in satisfaction of this judgment; that under the terms of such sale he shall place the purchaser in possession and with all the title and interest of the said defendant, Jas. W. Odell; and if said property cannot be found, or if the proceeds of such sale be insufficient to satisfy this judgment, then the officer executing this order shall make the money, or any balance thereof remaining unpaid out of any other property of the defendant, Jas. W. Odell, as in case of an ordinary execution.

"B. H. Fly,

"Justice of the Peace, Precinct No. 1, in and for Dallas County, Texas.

"I hereby certify that the above and foregoing instrument is a true and correct copy of judgment entered in cause No. 30,950— American Mortgage Corporation vs. Jas. W. Odell, et al.

"Witness my hand, this the 1st day of April, 1930. B. H. Fly, Justice of the Peace, Precinct No. One, Place No. 2, Dallas, County, Texas."

The bill also shows the following proceedings had in the county court of Lubbock county:

"There also being in evidence the certificate and copy of the original bond of the said justice, same duly certified to by the County Clerk of Dallas County; this said judgment should have been admitted in evidence as it shows upon its face that it is a final judgment of a court of competent jurisdiction, and so conclusive of any issue or question which it adjudicates or disposes of as shown by such record.

"Upon objection by the plaintiff the court excluded said judgment, and refused to permit same to be read to the jury, upon the grounds that same was immaterial, irrelevant and had no place in this present case.

"This defendant, American Mortgage Corporation, duly excepted to such ruling of the court and herewith tenders its bill of exceptions, and asks that same be signed and made a part of the record in said cause, which is accordingly so done. * * *

"Approved, allowed and ordered filed as part of the record herein with the following qualifications:

"The foregoing bill is approved as to pages 1 and 2 thereof with exception of the last line on page 2. As to the last line on page 2 and page 3 there was no such evidence offered, neither was it a part of the judgment, and should form no part of the bill.

"By way of explanation it was shown by uncontroverted evidence that at the time the purported judgment was rendered by the Justice of the Peace that the plaintiff in this cause had filed a plea of privilege to the suit pending in Dallas; that the plea of privilege was not controverted. The plea of privilege was introduced in evidence and later read to the jury under the following circumstances:

"The attorney for plaintiff in this cause stated as follows:

" 'At this time I wish to read the plea of privilege to the jury.'

"Mr. Benson: 'We object to it because, the Court please, it shows it was filed too late.'

"Mr. Howard: 'It has been introduced for thirty minutes.'

"Mr. Benson: 'If it was we did not know it. I object to it anyway because it is immaterial and irrelevant and shows on its face to be filed under the law too late because the citation so shows and the testimony shows that it was served in March and that was filed sometime in April.'

"The Court: 'Where was it filed?'

"Mr. Howard: 'In that Court down yonder. The certified copy of it shows to have been filed on April 3rd, referring to the calendar and we had until the 7th to file it.'

"The Court: 'Yes, you had until the 14th of April to file it. Objection overruled.'

"The plea of privilege was read to the jury. Whereupon the defendant, American Mortgage Company, offered in evidence the judgment set out in his bill of exception, whereupon the plaintiff Smith objected, as follows:

"Mr. Howard: We object to the introduction of this purported judgment for the reason that it has not been shown that there were any pleadings in the case that would authorize the judgment of any character. It has not been shown that the Justice Court of Dallas County had jurisdiction of either the person or the property of this plaintiff. It has not been shown that the court in Dallas County had jurisdiction of the property or had jurisdiction to foreclose a mortgage against the property. For the further reason that it has been affirmatively shown by the testimony that the Court did not have jurisdiction of either the person or property of this plaintiff. We object for the further reason that it has not been shown that any officer having proper authority rendered such judgment. We object to it for the further reason that it is not shown in said judgment whether it disposed of all of the parties to the suit or not. It does not show or purport to show whether it disposed of all of the issues raised by the pleadings, if any. We object to it because from the record in this case, the judgment is clearly shown to be void for want of proper service, for want of jurisdiction. We object to it for the further reason that it affirmatively shows on its face

that the Court did not have jurisdiction to render any such character of judgment on the property involved as subject-matter in that suit, and as the subject-matter of this suit. And especially do we object on the ground that the Justice Court did not have jurisdiction to render the judgment in view of the fact that it has been shown affirmatively that the property in litigation was in value beyond the jurisdiction of the Justice Court of Precinct One, Dallas County, Texas.

"We further object to the introduction of the judgment for the reason that there is no finding in said judgment that E. L. Smith's interests, if any, were adjudicated, nor does the said judgment purport to foreclose his interests, and for the further reason that there is no finding in said judgment as to the value of the property, in order to show that the value was within the jurisdiction of the Justice Court.

"The Court: Objection sustained."

 The statement of facts shows that the terms of the justice court, precinct No. 1, Dallas county, convene on the second Monday in each month.

The statement of facts contains the defendant E. L. Smith's plea of privilege in the justice court to be sued in Lubbock county, the county of his residence, which was filed in said cause in the justice court, cause No. 30,-950, American Mortgage Corporation v. James W. Odell et al., then pending in said justice court, which said plea was filed in that court on April 3, 1930.

It appears from the record, therefore, that the judgment in said cause in the justice court was rendered on the 10th day of March, 1930, the second Monday in March, 1930. Consequently, the plea of privilege was filed too late for that term of court and was ineffective. But it is not necessary for us to consider whether or not the plea of privilege was filed in due time, for there is no compliance with the requirements of article 2007, R. C. S. 1925, that the plea be sworn to. In the matter being considered there is no affidavit to support the pleading. The following acknowledgment, in lieu of an affidavit, is attached to the plea:

"State of Texas, County of Lubbock.

"Before me, the undersigned authority, on this day personally appeared E. L. Smith, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

"Given under my hand and seal of office, this the 15th day of March, 1930."

(Signed officially by the officer as notary public.)

Not only was the plea not filed in time, but there being no affidavit attached to and supporting it, the plea was ineffective. Certainly

if the defendant Smith had been charged with perjury predicated upon this acknowledgment, it could not be sustained. As laid down, quoted, and approved in the cases of Whitemore v. Wilson, 1 Posey, Unrep. Cas. 213; Smith v. Banks (Tex. Civ. App.) 152 S. W. 449; E. L. Witt & Sons v. Stith (Tex. Civ. App.) 265 S. W. 1076, the test of whether an affidavit is sufficient is that it is sufficient upon which to predicate a perjury indictment. There is in this case not even the semblance of an affidavit.

The plea not having been filed in time and not being sworn to, the justice court properly ignored it.

The plea of privilege being itself a part of the record, if it had been filed in time and properly sworn to, could have been received in evidence for the purpose of attacking the validity of the judgment in the justice court of Dallas county; the record being silent as to any action taken on the plea of privilege.

 The judgment of the justice court reciting due service, evidence aliunde the record was not admissible in a collateral attack on same that such judgment was not taken upon due service. The attack on the judgment was clearly collateral and in no sense a direct attack. The recital of due service was conclusive of any defects in the service unless presented on appeal or by bill of review made in time. If the judgment was not obtained on due service, the defendant Smith should have taken necessary steps to have presented this matter to the justice court in which the judgment was rendered. 34 C. J. 760 § 1184 (2).

██ The judgment of the justice court is attacked by appellee Smith on the gound that the proof in the case at bar shows that the automobile upon which a lien was foreclosed in the justice court was worth much more than the amount of the jurisdiction of the justice court and that there were no pleadings in that case setting out the value of the property upon which the lien was sought to be foreclosed.

In the first place, in the writ of sequestration issued out of the justice court and levied upon the car in question, the car is alleged to be of the value of $190. There is no transcript from the justice court which gives us a notation of the pleading. As pleadings in justice courts are either written or oral, we have no guide to determine whether or not the value of the car was, in fact, alleged. If there was no written pleading setting out the value, we are required to presume that the oral pleading supplied this allegation in order to support the judgment.

Article 2388, R. C. S. 1925, provides that the pleadings in justice court shall be oral, except where otherwise specially provided and that a brief statement thereof may be noted on the docket.

In the case of Houston & T. C. Ry. Co. v. Cement Co., 112 Tex. 139, 245 S. W. 644, 646, in answer to a certified question from the Court of Civil Appeals from the Fifth District, "Do the pleadings of the plaintiff in the justice court, and as amended in the county court, present a case evidenced by or founded upon such written contract?" the Commission of Appeals, necessarily with the approval of the Supreme Court, lays down the rule:

"In passing upon this question it must be kept in mind that this was a case originating in the justice court, and that rules applicable to pleadings in the justice court and amendments thereto must be the guide for our determination of the sufficiency of such pleadings."

In that case, quoting from the opinion in the case of Fidelity Lumber Co. v. Bean (Tex. Civ. App.) 203 S. W. 782, that court approves the holding:

"The form in which the cause of action or ground of defense is so stated is of no importance, and if from all that is stated, oral or written, the court can ascertain what right the plaintiff asserts and what defense the defendant interposes, the pleading is sufficient," citing Rector v. Orange Rice Mill Co., 100 Tex. 593, 102 S. W. 402.

Chief Justice Key of the Austin Court, in the case of Barnes v. Sparks, 62 Tex. Civ. App. 451, 131 S. W. 610, 611, lays down the following rules applicable to the question before us:

"The first assignment complains of the action of the court in overruling the plaintiff's general demurrer to the defendant's answer; the contention being that the answer should have negatived the exceptions contained in the statute. The rules of pleading applicable to cases originating in district and county courts do not apply to cases originating in justice of the peace courts, although such cases may finally be tried in the county court. In such cases, though the parties may replead in the county court, such pleadings may be oral, and are not required to be as full and specific as is required when a case originates in the county court. The written answer was filed October 11, 1909, and the case was tried October 22, 1909; and, as a matter of fact, it does not affirmatively appear that the case was tried on the answer referred to alone. It may be that when the case was tried the defendant interposed an oral plea as a substitute for his written answer, or as an amendment curing the defect complained of. Hence we conclude that the first assignment fails to disclose reversible error."

However, as stated above, there is nothing introduced in the record from the justice court to show any pleading in that court. Hence, the question is not properly before us.

The questions herein discussed are the controlling questions on this appeal. The other

assignments and propositions are either controlled by the matters discussed or will not arise on another trial.

For the reasons stated, we reverse the judgment of the trial court and remand the case for a new trial.