## UVALDE CONST. CO. v. WAGGONER.

No. 14332.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 13, 1942.

F. W. Bartlett, F. W. Bartlett Jr., and W. P. Bondies, all of Dallas, and H. G. Woodruff, of Decatur, for appellant.

J. V. Patterson and C. T. Gettys, both of Decatur, for appellee.

SPEER, Justice.

Plaintiff J. L. Waggoner instituted this suit in the district court of Wise County against defendant Uvalde Construction Company, alleged to be a corporation, having its principal place of business in Dallas County, Texas.

Defendant timely filed its plea of privilege to be sued, if at all, in the county of its residence. Plaintiff duly filed his controverting affidavit. Trial was had to the court and judgment entered overruling the plea of privilege, from which judgment defendant has appealed.

On November 27, 1939, the defendant filed an instrument denominated by its introductory paragraph and endorsement, a "Plea in abatement in Aid of Plea of Privilege". This is the only instrument filed by defendant that can be said to constitute a plea of privilege. We attach no importance to the manner of its endorsement, but will look to the substance and nature of the pleading. The opening paragraph states that defendant has been served with citation in plaintiff's action and continues in this language: "* * * and files this its Plea in Abatement in Aid of Plea of Privilege filed therewith, showing to the court as grounds therefor the following:" The instrument is then divided into four numbered paragraphs. Nos. 1 and 2 contain all of the elements of a plea of privilege as provided by Article 2007, Vernon's Annotated Civil Statutes, except that part which we shall later mention as being found in paragraph 4. Paragraph 3 is that part urged as a plea in abatement "in aid of the plea of privilege". It is there alleged that plaintiff's petition shows upon its face to be based upon four different causes of action, one of which is for trespass upon and damage to land and the other three for breach of contracts. Paragraph 4, including the prayer, reads: "No exception to exclusive venue in the county of one's residence, provided by law, exists in said cause. Wherefore, premises considered, this defendant prays the court to sustain this Plea in Abatement in Aid of Plea of Privilege, and prays that this cause be abated and dismissed, and prays the court to sustain this plea of privilege."

Omitting formal parts and declarations of affiant's authority to swear to the facts, the affidavit attached to the pleading reads: "* * * that he (affiant) has read the above and foregoing Plea in Abatement in Aid of Plea of Privilege filed therewith, and (says) each and all of the allegations thereof, and that the facts and statements therein contained are true." The affidavit was signed by affiant and the jurat of the Notary Public was signed and contains the usual wording for affidavits.

Unlike our earlier proceedings, the plea of privilege, as the law now exists, is definite and easy of construction. Such a plea is sufficient if it contains a *sworn* statement of the requisites provided by Article 2007, supra. The plea in this case contained those requisites, but was it sworn to? We think not. In addition to the provisions of the statutory requirements, it will be noted that it contained paragraph 3, devoted exclusively to what was termed "a plea in abatement in aid of the plea of privilege, filed herewith". In the first place, we know of no rule of procedure, under applicable laws on venue, for a plea in abatement in aid of the plea of privilege. In the second place, the form of the affidavit attached clearly indicates that

affiant was swearing to the truth of the facts alleged in the plea in abatement *in aid of the plea of privilege.*

A sworn pleading, such as we have here under consideration, is one verified by affiant under the sanction of an oath taken before some person authorized to administer it. "This statement is usually attached to the pleading and must in all cases clearly identify it or such portions of it as the affidavit applies to. The verification may extend to the whole instrument or only portions and in each instance it should clearly indicated just what part of the pleading, whether all or less, is sworn to." Townes' Texas Pleading, 2d Ed., page 435; Speed v. Chas. Lyon Co., Tex. Civ.App., 69 S.W.2d 147.

The test of the sufficiency of an affidavit to a pleading seems to be that the affidavit must be direct and unequivocal as to the facts sworn to. It must be sufficiently definite that, if untrue, the affiant can be prosecuted and convicted for perjury. 2 Tex.Jur., page 360, sect. 21; American Mortg. Corp v. Smith, Tex.Civ.App., 35 S.W.2d 1092.

Applying the above rule to the facts in the instant case, we think those parts of the instrument relied upon as a plea of privilege were not sworn to at all, but the affidavit applied only to that part of the instrument designated as "a plea in abatement in aid of the plea of privilege". All of this part of the pleading was contained in paragraph 3 and was in no way intermingled with the necessary allegations forming the plea of privilege. If we are correct in these conclusions, we have for consideration a plea of privilege which is not sworn to. In such a condition it is ineffective. American Mortg. Corp. v. Smith, Tex.Civ.App., 35 S.W.2d 1092. It is apparent from the record before us that the trial court did not overrule the plea of privilege solely upon the grounds hereinabove discussed, but heard testimony apparently upon the theory presented by the plea in abatement in aid of the plea of privilege, and in effect held that the proof did not support the plea in abatement. The judgment entered indicates that both pleas were overruled.

The trend of recent decisions by our courts of last resort is to the effect that upon hearings of the plea of privilege, only the venue facts are at issue. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S. W.2d 675.

When the plea of privilege is filed as provided by Article 2007, R.C.S., Vernon's Ann.Civ.St. art. 2007, it is prima facie proof of defendant's right to have the case transferred to the county of his residence. By the same article of the statutes the plaintiff may contest that right by filing within the time prescribed his controverting affidavit. When this has been done the issue of venue is made; the plea of privilege and the controverting affidavit become the pleadings upon which that issue is to be tried. The burden of proof is upon the plaintiff at that hearing or trial to overcome the prima facie right of defendant to have his plea sustained. No complaint is made of the quantum of proof offered.

Defendant has devoted practically his entire brief to the contention that its plea in abatement should have been sustained and the case dismissed as prayed for. It insists that we pass upon the question, but in so far as that plea applies to the merits of the case, we express no opinion for the reason it is not a matter that could be raised on the venue question in the trial court and for the same reason it is not before us.

The plea in abatement filed below in this case could apply only to the venue hearing. It is said in 1 C.J.S., Abatement and Revival, page 28, § 1, in substance, that pleas in abatement only go to defeat the pending action for the time being, and only question the right to maintain it. This has long been the rule in this state. See Townes' Texas Pleading, 1st Ed., page 593. The issue pending in the trial court was one of venue only.

The plea in abatement could not be considered by the trial court as relating to the case on its merits, for that point was not before the court at the time. Matters which go to the merits of plaintiff's cause of action may not be heard and determined on the plea of privilege hearing. Bradley v. Trinity State Bank, 118 Tex. 274, 14 S. W.2d 810.

For the reasons herein set out, there is no error shown in the judgment overruling the plea of privilege and the plea in abatement in aid thereof, and the judgment will be affirmed. It is accordingly so ordered.