Lipscomb, J.
The objections of the appellant upon which he seeks to reverse the judgment of the District Court in this case are all predicated upon the supposition that the suit is for trover and conversion, and that the evidence is such as shows it to be a bailment. The objections to the refusal to quash the attachment, to the evidence, to the charge of the court, and to the verdict are all rested upon that predicate. If this suit had been instituted in the District Court, and it had been subjected to the common-law forms, where the distinction between the different forms of action are strictly guarded and enforced, there would be soundness in the objection. But under our system all those distinctions are wholly disregarded in tiie bringing of a suit in the District Court, and still less regard to forms as required in tiie court of a j ustice of the.peace. This suit was instituted iu the court of a justice of the peace, and a verdict and judgment were given in favor of the plaintiff. It was then taken by a writ of certiorari to tiie District Court and tried by a jury, and a verdict again for tiie plaintiff, and the whole proceedings show that the suit was for the same cause in both courts. It was for tiie value of a gold watcli; and it is wholly immaterial by what name the justice of the peace thought proper to call tiie action, if the facts entitled the plaintiff to a judgment. In the proceedings before inferior tribunals of such limited jurisdiction in civil suits, all that a revising court will look to is the substance of their acts, and not to forms; and, if justice has been done between tiie parties, will very rarely disturb their judgments. And, furthermore, where a case, after judgment in the Justice’s Court, is taken by a writ of certiorari to the District Court, tiie regularity of the proceedings will only be looked to for tiie purpose of determining whether there was sufficient grounds shown to support the certiorari. This *224 question settled and sustained, the case is again tried upon its merits; and the irregularities of the justice’s proceedings cannot he noticed. "We believe that there is no error in the judgment and proceedings of the District Court, and that the same ought to he affirmed.
Note 73. It is not sufficient for a petition for a certiorari to show that the petition had a good cause of action or ground of defense; but it must also show that the cause of action or ground of defense was properly presented to the justice, or a sufficient legal excuse must be shown for the failure so to present it. (Hope v. Alley, 11 T., 259; Criswell v. Richter, 13 T., 18; Ingo v. Benson, 15 T.,315; Peabody v> Bentillo, IS T.,313; Robinsonv. Lakey, 19 T.,ISO; Givens •y. Blocker, 23 T., 633; Doyle v. Glasscock, 24 T., 200; Clarke v. Hutton, 28 T., 123.) The petition for a certiorari should set out all the evidence before the justice; it should state some material error in the proceedings, that injustice had been done the petitioner, or that he had been unable to avail himself of some legitimate defense. (Oldham v. Sparks, 28 T., 425; Cordes v. Kauffman, 29 T., 179.)
Judgment affirmed.