### J. E. LONG v. N. W. CUDE.

#### No. 6345.

1.    **Removing Partition Fence.**—If one of two owners of adjoining lands erects a partition fence with the knowledge of the other, and under the mistaken impression that he is erecting it on his own land, when in fact it is across the true line and on the land of the adjoining proprietor, and after discovering the mistake he removes it to his own land, the adjoining proprietor on whose land it was first built can not recover the value of the fence.

2.    **Equity.**—One who erects permanent improvements on land owned by another in good faith will be protected, whether his claim arises in a suit in trespass to try title, in an independent action for the value of the improvements, or in suit against him for removing them.

APPEAL from Frio. Tried below before Hon. D. P. Marr.

Suit originally brought in the Justice Court and appealed to the District Court upon the following filed account:

"*J. E. Long to N. W. Cude*,                                                    *Dr.*

"February, A. D. 1884.—To actual damages for removing a certain
fence from around a certain growing crop in Frio County, Texas. . . $100
"To exemplary damages for the wrongful and malicious removal of
the aforesaid fence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 100
                                                                              ———
"To total amount of damages, etc. . . . . . . . . . . . . . . . . . . . . . . . . . .$200

The account was sworn to.

The cause was submitted to the district judge upon the facts and the
law, and he rendered judgment for plaintiff, the appellee, and the sureties on his appeal bond for $60 actual damages, from which judgment
Long appealed. Upon request of defendant the trial judge filed conclusions of fact and law as follows: "1. That plaintiff and defendant were
proprietors of adjoining farms with a common division fence between
them which was on plaintiff's land, the fence about one mile long. Defendant, without plaintiff's consent, about the last of January or first of
February, 1884, removed 600 yards of the fence and appropriated it to
his own use and benefit, which required plaintiff to build another fence,
but of different value and kind, at cost approximately of about $160.
Defendant moved the 600 yards of fence by setting it back on his own
land. I find that the value of the 600 yards of fence so removed and
appropriated by defendant was at the time worth sixty dollars. I find
plaintiff's corn had been planted in the field but was not up at the time.
No special damages of injury to crop or in loss of time to plaintiff was
proven, nor was malice sufficiently proven to award exemplary damages,
defendant having removed the fence under the mistaken belief that he
was entitled to do so, as he had built the fence several years previous,
thinking it to be on his own land."

As conclusions of law, "I find that the plaintiff is entitled to recover
as actual damages the value of the fence removed, etc., $60; and this
would be the case whether the fence was entirely on his land (as was the
case) or partly on it and the defendant's, it being a division fence between
the parties.

"There is no appreciable variance between the proof and the complaint."

There is no statement of facts in the record nor is there any brief for
appellee. Appellant, by motion in arrest and for new trial in the lower
court and by assignment of errors in this court, contends that the judgment of the court below was erroneous, because the account sued on being
the only pleading in the case did not claim the fence or its value, but
only damages for removing the same from around a growing crop, and

because the fence was built by Long by mistake upon plaintiff's land, and he had the right to move it upon his own land upon discovery of his mistake.

*R. W. Hudson,* for appellant. — 1. The measure of damages under the account filed was the amount of money or the value of the labor necessary to replant the crop destroyed, if any, or the value of the crop at the time destroyed, if any was destroyed.  W. & W. C. C., secs. 298, 482, 1139.

2.  The court could not, under the account filed, give judgment for the value of the fence.  No ownership being alleged, and the account being for removing a fence from around a growing crop, the court had no right to reject that part of the account and give judgment in favor of plaintiff for what he had not sued for.  Green's Plead. and Prac., sec. 309; 23 Barb., 584.

3.  The defendant Long built the fence charged to have been removed upon land which he thought to be his own.  He had a right to remove the same; it was his property and not the property of Cude.  3 Wait's Act. & Def., p. 342; Dietrick v. Berk, 24 Pa. St., 470, 472; Matson v. Calhoun, 44 Mo., 368.

COLLARD, JUDGE.—The proposition of the appellant, defendant below, that the pleadings of the appellee did not justify the court's finding for plaintiff the value of the fence removed by defendant, is not tenable. It would be too exacting as a rule of pleading in a Justice Court.  The court found as a fact that the defendant put the fence on plaintiff's land by mistake, in the belief that it was his own land.  The court does not say that this was done with plaintiff's knowledge or acquiescence, but that it was a partition fence between the two parties, and from this fact it might be inferred that it was with plaintiff's knowledge at least.

The court found that there was no damage to plaintiff's crop as a consequence of moving the fence, which was done about February 1, 1884, under the impression that it was his own.  Under these circumstances, if it is true that plaintiff allowed defendant to build the fence on his land under the mistake, as found by the court, on the part of defendant, or knew of it, if both the parties were so mistaken and believed at the time the fence was built that it was on defendant's land, the plaintiff would not be equitably entitled to the value of the fence.  3 Pome. Eq., note to sec. 1242; Matson v. Calhoun, 44 Mo., 368.

Our statute in allowing compensation for valuable improvements by the defendant in actions of trespass to try title is based upon an equitable right and equity jurisprudence, the question always being one of good faith.  Saunders v. Wilson, 19 Texas, 194; Thouvenin v. Lea, 26 Texas, 612; Harrell v. Houston, 66 Texas, 280.  Such equitable right will be

protected whether it arise in suit of trespass to try title, on independent action for the purpose, or in defense of a suit for removing the improvements.

We are not satisfied that it was the intention of the court to include in its findings that plaintiff knew, consented to, or acquiesced in the placing of the fence on his land, or that he was also mistaken as well as the defendant about its being on his land.

If the fact distinctly appeared our conclusion would be that the judgment should be reversed and here rendered for the appellant; but under the circumstances of uncertainty on this point, we think the judgment should be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Adopted November 5, 1889.