### N. A. RECTOR v. ORANGE RICE MILL COMPANY ET AL.

#### No. 1683. Decided May 29, 1907.

**Justice Court—Pleading—Landlord's Lien.**

Plaintiff sued in Justice Court to recover certain sacks of rice, or their value if converted by defendant. His oral pleading showed that they were claimed by him as rent of certain rice land. Held that such pleading was sufficient to entitle him to recover by virtue of his landlord's lien, though he failed to show ownership by the setting aside of the specific rice due him. (Pp. 593, 594.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Orange County.

Rector was plaintiff in Justice Court in a suit against the Mill Company and Bolin. He appealed successively from adverse judgments of the Justice and of the County Court, and, on affirmance in the Court of Civil Appeals, because of a dissenting opinion, the point of dissent was certified to the Supreme Court.

*N. A. Rector,* appellant, in pro. ser.

*Holland & Holland,* for appellee.

BROWN, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals for the First District. The statement and question are as follows:

"In this case N. A. Rector brought suit in the Justice Court against the Orange Rice Mill Company and James Bolin, his cause of action being thus stated in the written and oral pleadings in said court:

" 'Orange, Texas, January 16, 1905.

Orange Rice Mill Company and James Bolin of which Company E. L. Reid is secretary and treasurer.

To. N. A. Rector, Dr.

To 32 Sacks Japan rice of value of $2.00 per sack...........$ 64.00
To 62 Sacks Honduras rice of value of $2.15 per sack.......... 133.30

---

$197.30

" 'Plaintiff sues for the aforesaid rice, but in case of its conversion by defendants, then for its value.

" 'Plaintiff pleads orally that he is a citizen of Travis County, Texas. That defendant Bolin resides in Orange County, Texas. That defendant Orange Rice Mill Company is a private corporation under the laws of Texas. That plaintiff is the owner of the rice sued for. That plaintiff, E. W. Goff, and St. Louis Union Trust Company are owners of a part of the Theron Strong survey of land in Orange County and rented same for rice culture during the year 1904 to defendant Bolin and one Sam Peveto for 2 sacks rice per acre, and the rice sued for is the land rent due to said landowners. That plaintiff has purchased the interest in the rice of E. W. Goff and St. Louis Union Trust Company and is now and was at filing of this suit owner of all of said rice. That defendants have possession of it and are seeking to convert it to their own use and benefit, to plaintiff's damage in the value of same as alleged in plaintiff's account.'

"From a judgment against him Rector appealed to the County Court. In that court he renewed his oral pleadings as above set out.

"The facts are as follows: N. A. Rector, E. W. Goff, the St. Louis Union Trust Company and George F. Poole are the owners of a tract of land in Orange County. Poole for himself and the other owners rented a part of the land to James Bolin for two sacks of rice per acre. The rent amounted to 70 sacks. When the rice was gathered and threshed Poole took his share of the rent and disposed of it, but the shares of Rector, Goff and the St. Louis Union Trust Company, amounting to a little over 58 sacks, were not separated from the balance of the rice, but were delivered by Bolin, together with his own share of the rice, to the Orange Rice Mill Company and by them, after the suit was filed, converted to their own use. The value of such rent rice was $114.38. By regular assignment before suit was filed Rector became the owner also of the portions of the rent coming to Goff and the St. Louis Union Trust Company.

"Upon trial in the County Court the court rendered judgment in favor of plaintiff against Bolin for $114.38, the market value of the rice, but refused to render judgment against the Orange Rice Mill Company on the grounds, as stated in the court's conclusions of law, that plaintiff had failed to show that he was the owner of any of the James Bolin rice. For this reason judgment was for the Orange Rice Mill Company and Rector appealed to this court. The majority of the court affirmed the judgment of the County Court, holding that the plaintiff by his pleadings sued for the rice as the owner thereof, or its value after conversion, and that as the rent rice had never been segregated from the balance of the crop, nor delivered to plaintiff, he was not the owner of any specific rice, and hence was not entitled to recover upon his pleadings against the Orange Rice Mill Company. From this conclusion Associate Justice Reese dissented, holding that the suit being begun in the Justice Court, notwithstanding the appellant's statement that he is the owner of the rice, the further statements in his pleadings, which were oral, as to the source and character of his claim show substantially that he is claiming the rice by virtue of his landlord's lien for rent.

"Upon this dissent the following question is certified at request of appellant:

"Was the plaintiff, under his pleadings, entitled to recover of the Orange Rice Mill Company the value of rice claimed by appellant as rent, and turned over to it by Bolin and by it converted to its own use?"

We answer the question in the affirmative.

The following article of the Revised Statutes expresses the only rule that exists in our law governing the pleading of the parties in Justice Courts:

"Article 1603.   The pleadings in the Justices' Courts shall be oral, except where otherwise specially provided; but a brief statement thereof may be noted on the docket."

The effect of the article is that no rule is prescribed, except that the statement which may be made by the parties shall be oral and may be entered by the justice of the peace on his docket.   Our courts have uniformly held that the form in which a party to a suit in a Justice Court may state his cause of action or ground of defense is of no importance.   An examination of the cases cited below will sustain the proposition that if from all that is stated, written and oral, the court can ascertain what right the plaintiff asserts, or what defense the defendant interposes, the pleading will be held sufficient.   (Doyle v. Glasscock, 24 Texas, 201; Texas & Pac. Ry. Co. v. Wright, 2 Texas Ct. App. Civ. Cases, sec. 339, p. 292; Kellers v. Rippien, 9 Texas, 443; Long v. Cude, 75 Texas, 225.)

In Texas & Pac. Ry. Co. v. Wright, cited above, the account was made out in this form:

"The Texas & Pacific Railroad Company,
          In account with J. E. Wright and E. S. Seay, Dr.
     October 31, 1883.   To amount of draft paid Messrs. Coleman, Simpson & Co., for the detention of goods, as per attached invoice, and interest and damages .......................................$195.00."

The facts were that Coleman, Simpson & Co., mentioned in the account, shipped goods over the railroad of the appellant in care of Wright and Seay. . The shippers sold the goods while in transit to Wright and Seay and, the goods not having been delivered, the latter brought suit for their value presenting the account in the form shown above as for money paid for the goods.   The Court of Appeals in disposing of the question of the sufficiency of the pleadings said:   "This is not a suit upon an account, but it is a suit to recover damage for breach of contract, against a carrier, in failing to deliver goods intrusted to it for transportation.   We have no forms of action, and it makes no difference in what shape a plaintiff presents his cause of action, the courts will look to the substance of it, and not be controlled by the mere form in which it is set forth."   The conclusion of the court thus expressed is fully sustained by the other authorities cited herein.

The statement of the plaintiff in the Justice Court shows that he was seeking to recover the value of a certain number of sacks of rice

which Bolin owed as rent of the land, upon which the rice was produced, and which rice the Mill Company had appropriated to its own use. If the title of the rice was in the plaintiff he was entitled to recover the value of the rice from the Mill Company because it had received the rice from Bolin and refused to surrender it to the owner. If Rector had a landlord's lien upon the rice for his rent to the extent of two sacks per acre, then he was entitled to recover the value of the rice from the Mill Company for the same reason. It matters not then whether the title was in Rector or not, the facts showed that he was entitled to recover of the Mill Company the value of the rice and the form in which his claim was stated is of little consequence so long as the court was able, by taking the account and oral statement together, to ascertain the rights of the parties. We agree with Associate Justice Reese, that the statement was sufficient to entitle the plaintiff below, Rector, to recover the value of the rice from the Mill Company as well as from Bolin.