TEXAS SOUTHEASTERN RY. CO. v. BROWN. (No. 102.)

(Court of Civil Appeals of Texas. Beaumont. March 23, 1916.)

1. JUSTICES OF THE PEACE ☞90—PLEADING.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2326, providing that pleadings in justices' courts shall be oral, but a brief statement thereof may be noted on the docket, if from all that is stated, oral or written, the court can ascertain what rights plaintiff asserts or what defense defendant interposes, the pleading is sufficient.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 306; Dec. Dig. ☞90.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. Costs ⬦⟾173(1)—Attorney's Fees Under Statute.

By provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 2178, to be entitled to attorney's fees as costs plaintiff must establish his claim, and obtain judgment "for the full amount thereof, as presented for payment."

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 688; Dec. Dig. ⬦⟾173(1).]

Appeal from Angelina County Court; John F. Robertson, Judge.

Action by Henry Clay Brown against the Texas Southeastern Railway Company. From a judgment for plaintiff, on appeal from a justice, defendant appeals. Reformed and rendered.

R. E. Minton, of Groveton, for appellant. Sam R. Sayers and T. W. Jordan, both of Lufkin, for appellee.

BROOKE, J. This suit originated in the justice court of Angelina county, wherein the plaintiff, who is appellee herein, sued the appellant for the value of a horse alleged to have been killed about July 2, 1914, and the value of one hog alleged to have been killed about October 10, 1914, and for $20 attorney's fees, total amount sued for being $155. There was a judgment rendered in the justice court in favor of the defendant, and the plaintiff appealed to the county court, in which said court a judgment was rendered in favor of the plaintiff for $125, the value of the horse sued for, and $20 as attorney's fees, and from this judgment arises this appeal.

[1] The appellant assails, by its first assignment of error, the judgment rendered by the court below, and claims that there is a fatal variance between the pleadings and the proof upon the trial of said case. The plaintiff's pleadings, both oral and written, are as follows:

"Suit upon a/c for $155.00 of date * * * filed 16th day of March, 1915. Citation issued 16th day of March, 1915. For one horse killed by Deft. Co. about July 2nd, 1914, value $125.-00. One hog killed by said Co. about Oct. 10th, 1914, value $10.00. Reasonable atty. fee $20.-00. Total $155.00." (This is from statement of pleadings as shown by the transcript of the justice court.)

Citation issued out of the justice court and served upon the defendant company was as follows:

"For the sum of $155.00 due upon account for one horse killed by cars & locomotive of said Co. July 2nd, 1914. Also one hog killed by the cars & locomotive of said Co. on October 10th, 1914. Horse valued at $125.00; hog valued $10.00. Also attorney fees $20.00. Total $155.-00."

The account filed was as follows:

"Texas Southeastern Railway Co. in account with H. C. Brown. July 2nd, 1914. To one horse killed by the cars and locomotives of said Co. $125.00. October 10th, 1914. To one hog killed by the cars and locomotives of said Co. $10.00. To reasonable atty. fee $20.00. Total $155.00."

Article 2326, Vernon's Sayles' Texas Civil Statutes, reads as follows:

"The pleadings in the justices' courts shall be oral, except where otherwise specially provided; but a brief statement thereof may be noted on the docket."

Under the said article, it has been held that the fullness and particularity required in written pleadings are not necessary in the oral statements in the justice court. I. & G. N. Ry. Co. v. Donaldson, 2 Willson, Civ. Cas. Ct. App. § 239; T. & P. Ry. Co. v. Miller, 1 White & W. Civ. Cas. Ct. App. § 262. It has also been held that technical rules of pleading do not apply to the manner or form of issues in the justice court in ordinary suits. Railway Co. v. Anderson, 85 Tex. 88, 19 S. W. 1025. It has also been held that the form of an account will not prejudice the right of plaintiff as disclosed by the evidence. Sanger v. Noonan, 27 S. W. 1056.

And also construing the said statute it was held:

"The effect of the article is that no rule is prescribed except that the statement which may be made by the parties shall be oral and may be entered [on the docket by the justice of peace]."

The form in which the cause of action or ground of defense is stated is of no importance. If from all that is stated, oral or written the court can ascertain what rights the plaintiff asserts, or what defense the defendant interposes, the pleading is sufficient. Rector v. Orange Rice Mill Co., 100 Tex. 591, 102 S. W. 403. The testimony of the witness with reference to the matter complained of was that the horse was worth on the market $125; that the horse was killed September 9, and was found on September 11, 1914. The first assignment of error is overruled.

The second and third assignments of error complain of the court's action in overruling defendant's general and special demurrers to plaintiff's pleading. These assignments are overruled.

[2] By its fourth assignment of error, the action of the court in rendering judgment for plaintiff for $20 attorney's fee is complained of. Article 2178, Vernon's Sayles' Texas Civil Statutes, provides:

"Hereafter ·any person in this state having a valid, bona fide claim against any person or corporation doing business in this state, for personal services rendered, or for labor done, or for material furnished, or for overcharges on freight or express, or for any claim for lost or damaged freight, or for stock killed or injured by such person or corporation, its agents or employés, may present the same to such person or corporation or to any duly authorized agent thereof, in any county where suit may be instituted for the same; and if, at the expiration of 30 days after the presentation of such claim, the same has not been paid or satisfied, he may immediately institute suit thereon in the proper court; and if he shall finally establish his claim, and obtain judgment for .the full amount thereof, as presented for payment to such person or corporation in such court, he shall be entitled to recover the amount of such claim and all costs of suit, and, in addition thereto, a reasonable amount as attorneys' fees; provided, he has an attorney employed in the case, not to exceed $20.00, to be determined by the court or jury trying the case."

The claim, as presented in this case to the appellant, was for $155. There is no record of any testimony being introduced in the county court with reference to the claim of damage for killing the hog. However, there was such evidence introduced in the justice court. The claim for damages with reference to the hog was, perhaps, abandoned; at least the record shows no disposition of this part of the claim. The party presenting the claim did not obtain judgment for the full amount thereof, and therefore we do not believe he was entitled to recover the attorney's fee asked for. Therefore this assignment is sustained.

This holding also disposes of appellant's fifth assignment of error. The remaining assignments are overruled, and judgment of the lower court is reformed and here rendered in favor of appellee for $125. It is so ordered.