SCOTT & CO. v. O. D. MANN & SONS et al.
(No. 5687.)

(Court of Civil Appeals of Texas. Austin. Nov. 15, 1916. Rehearing Denied Dec. 23, 1916.)

JUSTICES OF THE PEACE ⊂⊃174(8)—APPEAL—AMENDMENT OF PLEADING.

Where suit on a note was brought in justice court by a business house described as a corporation because its attorney was ignorant that the corporation had been dissolved and the business continued by a partnership, the action of the county court in allowing plaintiffs to amend to allege that they were a partnership was not violative of Rev. St. 1911, art. 759, declaring that no new cause of action shall be set up when a case has been appealed from a justice court to the county court, since the members of the firm had the right to intervene in the county court and assert that the demand sued on belonged to them and not to the corporation, which was what they substantially did.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 670; Dec. Dig. ⊂⊃ 174(8).] .

Appeal from McCulloch County Court; G. A. Walters, Special Judge.

Suit by O. D. Mann & Sons and others against Scott & Co. From a judgment for plaintiffs, defendants appeal. Judgment affirmed.

Adkins & Adkins and Sam McCollum, all of Brady, for appellants. Shropshire & House, of Brady, for appellees.

KEY, C. J. O. D. Mann & Sons brought this suit in a justice of the peace court, seeking to recover upon a promissory note, and to foreclose a chattel mortgage given to secure the note. They described themselves as a corporation, and obtained a judgment in that capacity. The defendants appealed the case to the county court, where the plaintiffs were permitted to amend their pleading by alleging that they were not a corporation, but a partnership, consisting of J. T. and O. Duke Mann. They further alleged that their business had formerly been incorporated under the name of O. D. Mann & Sons, and that the attorney who brought the suit in the justice court was not aware of the fact that the corporation had been dissolved, and that the partnership had continued the business in the same name as it was conducted by the corporation. The plaintiffs recovered judgment in the county court, and the defendants have appealed.

It is earnestly urged on behalf of appellants that reversible error was committed in permitting the plaintiffs to file the amendment referred to and recover in the capacity of partners; the contention being that such action of the trial court was violative of article 759 of the Revised Statutes, which declares that no new cause of action shall be set up when a case has been appealed from a justice court to the county court. We overrule that contention and hold that the trial

court ruled correctly in the respect referred to. Amarillo Commercial Co. v. Railway Co., 140 S. W..377; Davis v. Bank & Trust Co., 116 S. W. 393; Railway Co. v. Scott, 156 S. W. 295; Grayson v. Hollingsworth, 148 S. W. 1135; Rector v. Mill Co., 100 Tex. 591, 102 S. W. 402; Freeman v. Walker & Sons, 175 S. W. 1133. J. T. and O. D. Mann had the right to intervene in the county court and assert that the demand sued upon belonged to them and not to the corporation; and, in substance, that is what they did.

There are some other questions presented in appellants' brief which we do not care to discuss in this opinion. They have been considered, and are decided against appellants.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.