## PANHANDLE & S. F. RY. CO. v. JACKSON.
## (No. 2975.)

Court of Civil Appeals of Texas. Amarillo.
June 20, 1928.

Rehearing denied July 4, 1928.

1. **Pleading ⬳228—"Special exception" must point out intelligently general insufficiency of pleading objected to.**

"Special exception" to pleading must point out intelligently the obscurity, inconsistency, or other insufficiency of the pleading objected to.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Special Exceptions.]

2. **Pleading ⬳228—Defendant's exception to measure of damages claimed as not presenting proper measure held general and not special.**

Defendant's exception to measure of damages claimed, "in that it does not present the proper measure of damages provided by law," held to constitute a general, and not a special, exception.

3. **Justices of the peace ⬳90, 95—Oral pleading in justice court, alleging that reasonable value of horse alleged to have been killed was $175, if defective, could not be reached by general exception, same particularity of pleading not being required in justice court as in county or district court.**

In suit in justice court, oral pleading alleging that the reasonable value of horse alleged to have been killed by reason of defendant's negligence was $175, if defective, could not be reached by general exception, since the same particularity of pleading is not required in justice court as in county and district courts, and words "value" and "market value" are often used interchangeably.

4. **Bailment ⬳35—Bailee of horse killed by railroad held entitled to maintain suit against railroad to recover its value.**

Bailee of horse held entitled to maintain action against railroad to recover its value, after its death resulting from operation of train, since bailee is responsible to owner for value of horse.

5. **Railroads ⬳411(15)—City ordinances forbidding running of stock at large held no defense to railroad sued for value of horse killed on entering unguarded right of way.**

Where horse entered railroad track within city limits through failure of railroad to maintain cattle guards, railroad could not defend action for value of horse killed by operation of train, under city ordinances forbidding running of stock at large.

6. **Railroads ⬳411(15)—Railroad which left open space at bridge through which horse entered right of way could not defend action for value of horse on ground right of way was fenced; "failure to fence" (Rev. St. 1925, art. 6402).**

Where horse entered on railroad bridge at open end within city limits, and wandered down track to point outside city, where it was trapped and killed, railroad, on account of the fencing of the right of way, was not entitled to defend action for the value of the horse under Rev. St. 1925, art. 6402, limiting railroad's liability to exercise of ordinary care, where right of way is fenced, since failure to put in cattle guards amounted to failure to fence the track.

Appeal from Roberts County Court; J. M. Smith, Judge.

Suit by B. F. Jackson against the Panhandle & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Coffee & Coffee, of Miami, Hoover & Hoover, of Canadian, and Terry, Cavin & Mills, of Galveston, for appellant.

Kinney & Ritchie, of Miami, for appellee.

RANDOLPH, J. This suit was filed by appellee in justice court to recover the value of a horse alleged to have been killed by the appellant's train. On trial in that court, judgment was rendered for the appellee for the sum of $175. On appeal to the county court, appellee again recovered judgment for $175, and appeal has been taken therefrom to this court.

The appellee's pleadings consisted of notations on the justice court docket and an oral statement made in the county court, which has been preserved in the record.

The appellant presented its general and special exceptions to the plaintiff's petition and statement of cause of action. The exception designated as a special exception is only a general exception. It is in words, as follows:

"Defendant excepts to the measure of damages claimed, in that it does not present the proper measure of damages provided by law."

This is a general demurrer to plaintiff's claim and statement of his cause of action.

[1, 2] A special exception not only points out the particular pleading excepted to but it must point out intelligibly the obscurity, inconsistency, duplicity, generality, or other insufficiency in the pleading objected to. Applying this rule to the following so-called special exception: "And for special exception the defendant says, the petition does not show the items of service claimed by the plaintiff with sufficient certainty and particularity to require the defendant to plead thereto, and of this he prays judgment of the court," etc., the Supreme Court, in the case

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of W. M. W. & N. W. Ry. Co. v. Granger, 85 Tex. 574, 22 S. W. 959, held such exception to be a general exception. In the case at bar, the notation on the justice court docket makes no reference to the value of the horse. In the citation, which appears of record, the allegation is that the horse was "of the value of $175." In the oral pleading, it is alleged that the reasonable value of the horse was $175.

Which allegation is the exception levelled, at? In what respect and in what particulars do the allegations fail to show the proper measure of damage? This cannot be determined from the exception. Hence we hold that such exception is not a special exception, but that it is only a general exception.

[3] The pleading alleging that the "reasonable value" of the horse was $175, such allegation, if defective, cannot be reached by a general exception. Texas & Southeastern Ry. Co. v. Brown (Tex. Civ. App.) 186 S. W. 273; Black v. Nabarrette (Tex. Civ. App.) 281 S. W. 1087; M., K. & T. Ry. Co. v. Crews, 54 Tex. Civ. App. 548, 120 S. W. 1110.

This is true as to pleadings generally, as the rule is observed in the district and county courts. In the case of Rector v. Orange Rice Mill Co., 100 Tex. 593, 102 S. W. 403, the Supreme Court, in view of the provision that the pleadings in justice court shall be oral, except where otherwise specially provided, observe:

"The effect of the article is that no rule is prescribed, except that the statement which may be made by the parties shall be oral and may be entered by the justice of the peace on his docket. Our courts have uniformly held that the form in which a party to a suit in a justice court may state his cause of action or ground of defense is of no importance. An examination of the cases cited below will sustain the proposition that if from all that is stated, written and oral, the court can ascertain what right the plaintiff asserts, or what defense the defendant interposes, the pleading will be held sufficient. Doyle v. Glasscock, 24 Tex. 201; Texas & Pac. Ry. Co. v. Wright, 2 [Willson] Texas Civ. [Cas.] Cases, Ct. App. Sec. 339, p. 292; Kellers v. Reppien, 9 Tex. 443; Long v. Cude, 75 Tex. 225 [12 S. W. 827]."

The same particularity of pleading not being required in justice court as in county and district courts, the words "value" and "market value" are often used interchangeably, and both used as being the equivalent of actual value and salable value. Black v. Nabarrette, supra; M., K. & T. Ry. v. Crews, supra.

[4] The appellee, as bailee, had the right and authority to institute and maintain this suit to recover the value of the animal killed. As bailee, he was responsible to the owner for the value of the horse. Masterson v. I. & G. N. Ry. Co. (Tex. Civ. App.) 55 S. W. 577; Waggoner v. Snody, 98 Tex. 512, 85 S. W. 1134.

[5, 6] The horse that was killed had escaped from the pen within the city limits of the city of Miami. Within the limits of said city, the appellant had erected a bridge over a draw over which it operated its trains. This bridge was open, and had been graveled, and thus presented a solid bottom upon which appellant's employees crossed. From the end of the bridge leading out of the town, the appellant had fenced its track with a substantial fence. This fence was shown by the record to have extended eleven miles down the track. This inclosure, the bridge being open, formed what the appellee denominates a trap. The horse entered upon the bridge at its open end, and wandered down the track to a point outside the city limits, where it was killed by appellant's train. It was hemmed in, and could not get out of this trap, except by going back over the bridge it came over. The failure on the part of appellant to put in cattle guards was, in effect a failure to fence the track. If the appellant wanted the advantage of the city's ordinances forbidding the running at large of stock, it could have fenced its railroad up to the city limits, and there put in cattle guards, but, not having done so, and leaving this open so that the horse could enter into its fenced right of way, with no means of escape, the appellant is clearly not entitled to this defense. Hence article 6402, Revised Civil Statutes of Texas, providing that, where the right of way is fenced, the railroad company is only liable for injuries from want of ordinary care, does not apply here. Texas Central Ry. Co. v. Pruitt, 101 Tex. 548, 552, 109 S. W. 927; Ry. Co. v. Swift, 47 Ind. 119.

In the case of M., K. & T. Ry. Co. v. Tolbert, 100 Tex. 483, 101 S. W. 206, it is held that a fence so out of repair as to be ineffective as a fence is no defense to injury to stock, but that the liability is one based on an unfenced track.

There being no reversible error in this record, the judgment of the trial court is affirmed.