**HAMON et al. v. SANDERFORD.**

No. 682.

Court of Civil Appeals of Texas. Eastland.

April 4, 1930.

J. R. Stubblefield, of Eastland, for appellants.

Grisham Bros., of Eastland, for appellee.

FUNDERBURK, J.

J. A. Sanderford, by a written petition, instituted this suit in the justice court of precinct No. 1, Eastland county, against Jake L. Hamon, Jr., and W. K. Gordon. Plaintiff sought recovery of damages upon four distinct grounds, as follows:

(1) That defendants erected, constructed, and established a water line through plaintiff's field upon which defendants were operating an oil and gas well. That, after constructing the water line, which was constructed without the knowledge, consent, or authority of plaintiff, the same, not being buried below plow depth, was broken, and as a result of which a part of the field was "water-logged," making it useless for farming purposes, to plaintiff's damage in the sum of $60.

(2) That defendants, their agents and employees, used a certain road leading to the public highway through plaintiff's pasture from the location of the well in question.

That in the use of said road defendants, their agents and employees owed the duty to plaintiff to keep the gates closed, but that they failed to perform such duty, and as a result of leaving the gate down plaintiff's stock escaped. That plaintiff incurred expense in the aggregate sum of $40 in the recovery of said stock, for which damages were claimed in said sum.

(3) That plaintiff offered the use of his land for the purpose of defendants, providing a road at a particular place in order that his live stock and pasture land might be protected, in that by such use defendants, their agents and employees, would not travel through the main part of the pasture, disturbing plaintiff's stock. That defendant made a verbal agreement to establish such road, but wholly disregarded the agreement, and continued to travel through the main part of the pasture with automobiles, trucks, and other vehicles daily. and constantly, as a result of which a great part of the pasture land had become worthless for grazing purposes, to plaintiff's damage in the sum of $40.

(4) That, although it was the duty of defendants to operate their wells so as to prevent waste oil and gas from escaping, and to prevent same from overflowing plaintiff's land, they wholly failed to perform such duty, and permitted waste oil to overflow and seep through the connections at the well and storage tank and at the pipe line, thereby making useless and worthless for agricultural and grazing purposes more than two acres of land, to plaintiff's damage in the sum of $40.

Issues were joined on all plaintiff's claims, and the trial in justice court resulted in a judgment for plaintiff for $180. Defendant appealed to the county court, where, upon the same pleadings, judgment was rendered for plaintiff in the same amount. Defendants have appealed to this court, and present twenty-three propositions under the same number of different assignments as grounds for the reversal of the judgment.

We will not undertake to point out and separately discuss all of the propositions. All propositions challenging the existence of any evidence to support the several findings of the jury or the sufficiency of evidence to support such findings are overruled, except as hereinafter discussed.

The proposition designated as "First under Second Assignment" asserts that the evidence failed to show that plaintiff's mule escaped through any negligence on the part of the defendants. Plaintiff testified: "The agents and employees of the defendants left my gate open and permitted my stock to get out of the gate. * * * No one used this gate except the defendants in going to and from the well. This gate was made for their special benefit, and the road leading through

the gate to the well was not used by my tenant or by the public or by anyone else except the employees of the defendant. I have seen them leave the gate down and open a number of times. * * * I tracked the mule out the gate and up the road in the direction where I finally found him. No one had a right to use that gate except the employees of the defendants."

It is insisted that, because plaintiff also testified that he had a sorry fence and at times kept the mule side lined and did not see defendants leave the gate open the particular time the mule escaped, the evidence was insufficient. We are of opinion, however, that the evidence raised an issue proper to be determined by the jury.

■ The proposition designated "First under Third Assignment" is predicated upon the supposition that damages to the land were claimed for a permanent nuisance. It is our view that neither the pleadings nor evidence should be construed as asserting such claim, and therefore the proposition is inapplicable.

By proposition designated "First under Twelfth Assignment" it is contended that defendants would not be liable for any damage done to plaintiff's land prior to the time that plaintiff acquired said land. To the same effect also is the proposition entitled "First under Sixteenth Assignment." These propositions are, of course, abstractly correct. Appellant requested the court to instruct the jury particularly with reference to this matter, and in response to such request the court instructed the jury as follows: "You are instructed that the plaintiff is not entitled to recover any damages which may have been done to the plaintiff's land prior to the time that the plaintiff acquired said land."

■ Without implying our approval of the action of the court in giving a general instruction to the jury in a case submitted upon special issues, we think appellants are in no position to complain or insist as a fact that this instruction did not cure the error, if any, in the form of the submission of the special issues. It is to be presumed that the jury observed the instruction in arriving at their answer.

One of the issues submitted to the jury was as follows: "Was the water line as constructed and maintained by the defendants through plaintiff's field left in part unburied as alleged by plaintiff?"

■ Upon the contingency that the jury answered the question in the affirmative, a further issue called for a finding as to whether or not the failure to have the line buried was negligence. Appellants, by propositions designated "First under Fifth Assignment" and "First under Sixth Assignment," challenge the correctness of the action of the court in submitting said issues over the objections timely made that there was no pleading sufficient to authorize such submission. These propositions raise the most difficult question of any presented by the appeal.

The pleading briefly summarized above was literally as follows: "That within the past two years and prior to March 1st, 1928, the defendants erected, constructed and established a two inch water line through the field of the plaintiff, which field is known as the J. A. Sanderford place near Ranger upon which the defendants are maintaining and operating an oil and gas well; that after constructing said water line, which was constructed by the defendants without the knowledge, consent or authority of the plaintiff, the same not being buried below plow depth, the said water line was broken, and as a result of which water 'logged' a part of said field, making it useless for farming purposes and to plaintiff's damage in the sum of $60.00, and by reason of which the defendants became indebted to pay the plaintiff said sum of $60.00."

The breach of duty of which the pleading apparently makes complaint was constructing the water line through plaintiff's field without his knowledge or consent. If the case was one originating in a county or district court, we would be strongly inclined to hold the pleading insufficient to charge negligence as submitted to and found by the jury. Undeniably, however, the same tests of the sufficiency of pleadings in justice court do not apply as in county or district courts. Of the numerous authorities applying such distinction, it is deemed sufficient to cite the following: Long v. Cude, 75 Tex. 225, 12 S. W. 827; Rector v. Orange Rice Mill Co., 100 Tex. 591, 102 S. W. 402; Howard v. Fabj, 42 Tex. Civ. App. 42, 93 S. W. 225; Western Union Telegraph Co. v. Huffstutler (Tex. Civ. App.) 188 S. W. 455.

In Long v. Cude, supra, plaintiff in justice court claimed actual and exemplary damages for removing a certain fence from around a growing crop. The Supreme Court sustained a recovery under said pleading of the value of the fence removed. In Rector v. Orange Rice Mill Company, supra, plaintiff in justice court sued as owner of certain rice to recover same, or, in the event of its conversion, the value thereof. The Supreme Court sustained recovery, not as owner, but as a lienholder. Under these and numerous other authorities we believe we would not be justified in holding the pleading insufficient to support said issues submitted to the jury.

■ Appellants complain of certain issues as assuming certain other issuable facts. In each case such issues were submitted only upon the contingency that the jury in their answers to other issues had found the existence of such facts, and therefore we think that these propositions are without merit.

■ We are of opinion that there was neither pleading nor evidence sufficient to support the issues submitted to and found by the jury and the judgment based thereon, with reference to the claim of damages for the failure of the appellants to use one particular roadway in passing over the land to and from the oil wells. The amount of damages found by the jury and included in the judgment for this item was $40. Plaintiff by his pleading alleged that defendants were the owners of an oil and gas lease upon the land. The pleading concedes a right of ingress and egress on the part of the defendants. The allegations of an agreement to use a particular designated road cannot be treated as allegations of a contract. The agreement was alleged to be oral, and therefore did not import a consideration. No consideration was alleged. The question propounded to the jury shows that no contract right was sought to be enforced. Aside from any claim or right under the agreement no acts of negligence were alleged. The evidence, instead of showing negligence, tends to show that more than one roadway was used because of the necessity of getting around mudholes in rainy weather, and there is no testimony even tending to show that in the full enjoyment of their rights of ingress and egress it was not necessary to do just what the defendants did. There is nothing to indicate that the evidence was not fully developed on this point. We do not regard it good practice to remand a case under the circumstances here presented, where there is neither pleading nor evidence to support a recovery. It is therefore our opinion that the judgment of the trial court should be reformed so as to eliminate $40 of the amount recovered below, and, as so reformed, should be affirmed, and it is accordingly so ordered.

### On Rehearing.

■ We have given careful consideration to appellants' insistence upon rehearing that we were in error in our original opinion in holding that the evidence was sufficient to sustain a verdict in favor of the plaintiff on account of the plaintiff's land being "water-logged." The plaintiff's testimony was to the effect that the pipe burst about January 1, 1928, which resulted in flooding the land; that approximately two acres were flooded; that the land had been rented on the third and fourth, that is, one-third of all grain crops, and one-fourth of cotton crops raised; that, when spring came on, the man in charge of it could not break the land on account of it being too wet at the time he got ready to break it; that in March the land was too hard to break, and, as a result thereof, it lay out for the year. Plaintiff further testified that feed crops are generally planted from the 10th of February up until May 1st, and cotton crops are generally planted after May 1st.

In our original consideration of the case we overruled the contention of appellant that there was no evidence or insufficient evidence to support the judgment for $60 for damages to the land resulting from it being water-logged, based upon a consideration of the following testimony of the plaintiff: "I consider the reasonable market rental value of my land for that year on that part which was water-logged to be $60.00." We regarded that testimony as being some evidence showing a measure of damages recoverable by the plaintiff. But upon further consideration we are led to change our views. Under his evidence the plaintiff was not entitled to recover the rental value of the land which had been flooded. His possessory rights and interest in the land for the year had been parted with to the tenant. His only interest in the two acres, short of any permanent injury or damage to the land, was the value of the third and fourth, as the case might be, of the crops raised. As to the value of such crop, there was no evidence whatever. There was no evidence as to what character of crops were contemplated to be raised on the land. The evidence did not show with any degree of certainty or satisfaction that the reason no crops were raised was due to the flooding of the land. Plaintiff's testimony failed to show that any character of crops contemplated to be raised on the land could not have been planted and raised after the time which he testifies the land was dry.

■■ Plaintiff's testimony "that $60.00 is a fair and reasonable amount of damages that I sustained by reason of said pipe not being buried and being permitted to freeze and burst and water-log my land" is not to be regarded as any evidence whatever. That was the very matter in issue and for the sole determination of the jury. It is not competent to establish by the opinion of the witnesses the very issue to be determined by the jury. Pickering v. Harris (Tex. Com. App.) 23 S.W.(2d) 316. The testimony being incompetent is not to be considered in determining the sufficiency of the evidence to support the judgment. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533. The conclusion that there was no evidence, or, at any rate, no sufficient evidence, to support recovery of the $60, requires a reversal of the case.

We are therefore of opinion that the motion for rehearing should be granted, that our former judgment reforming and affirming the judgment of the trial court should be set aside, and that the judgment of the trial court should be reversed and the cause remanded for another trial, and it is accordingly so ordered.