## COX v. CHAMBERLIN METAL WEATHER STRIP CO.

### No. 12929.

Court of Civil Appeals of Texas. Dallas.

Nov. 2, 1940.

H. J. Kimball, Jack M. Topletz, and Levi Topletz, all of Dallas, for appellant.

O. M. Stubblefield, of Dallas, for appellee.

BOND, Chief Justice.

This suit originated in the justice court, appealed to the county court, and on trial de novo to a jury, resulted in findings on which the court entered judgment for plaintiff in the sum of $131.40. In the justice court, the plaintiff, Chamberlin Metal Weather Strip Company, was designated as "a corporation incorporated under the laws of the State of Texas, with its office and place of business situated in Dallas County, Texas"; and, in the county court, by amended petition, designated itself "a corporation duly incorporated and existing by virtue of and under the laws of the State of Michigan, with due permit to do business in the State of Texas," and alleged that it is the same corporation, plaintiff in the justice court, but through inadvertence, was referred to as a "Texas corporation, incorporated under the laws of the State of Texas," and that the cause of action, except for plaintiff's designation of the state of incorporation, is the same as alleged in the justice court.

Where a suit arises in justice court, it is not error to permit amendments of pleadings in the county court where such amendments do not change the cause of action. Even had there been two corporations, one a Texas corporation and the other a Michigan corporation, which is not the case here, there is nothing in our jurisprudence to prevent the Texas corporation's retiring from the lawsuit on appeal, and allowing the Michigan corporation to intervene in the county court and assert that the demand sued upon belonged to it and not to the other corporation. Such does not violate the rule that " * * * no new cause of action shall be set up when a case has been appealed from a justice court to the county court". Scott & Co. v. O. D. Mann & Sons, Tex.Civ.App., 190 S.W. 847. Although, under the statute (Art. 958, R. C.S.1925), no new cause of action shall be introduced in the county court, there is no inhibition of new parties. However, there were no new parties brought into this suit. The plaintiff in the county court was, in fact, the plaintiff in the justice court, and there is no confusion as to who was the aggrieved party to the action. We overrule appellant's contention that the

trial court erred in overruling his plea to abate the suit because of the change of name to meet the true facts.

■ Appellant complains of fundamental error in appellee's failure to prove, as alleged, that it is a "corporation duly incorporated and existing by virtue of and under the laws of the State of Michigan, with due permit to do business in the State of Texas." We think the rule is well settled that a corporation, incorporated under the laws of another state, is required to make the further allegation that, as such, it has a "permit to do business in the State of Texas" (Chapman v. Hallwood Cash Register Co., 32 Tex.Civ.App. 76, 73 S.W. 969, 970); and the burden rests upon such corporation to prove the facts so alleged. However, failure to sustain the allegation by proof does not become fundamental error on appeal, unless presented in such manner as to enable an appellate court to consider the error apparent from the record. Accordingly, an appellate court, in searching for fundamental error, is not required to go into the statement of facts. No fundamental error appears where the judgment is one the trial court had power to render under the pleadings. The want or insufficiency of evidence to support a judgment is not such fundamental error as may be considered on appeal, in the absence of proper assignment of error, since that would involve a search through the statement of facts to verify the contention of a lack or insufficiency·of evidence to support the judgment. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S.W. 533, 124 S.W. 85; Republic Ins. Co. v. Grant, Tex. Civ.App., 8 S.W.2d 550, and authorities there cited.

■ In the case at bar, it will be observed that, in the court below, defendant made no complaint by motion or otherwise of the want or insufficiency of evidence, to show that the plaintiff was a foreign corporation with "a permit to do business in the State of Texas"; and here, such contention is only presented in appellant's brief as being fundamental error, dehors the record. In the light of the record, we are unable to sustain the contention as presented.

We have carefully examined all assignments of error and, finding them without merit, the judgment of the court below is affirmed.

Affirmed.