accused to show that the executive warrant was issued without authority.

■ There being no facts showing the invalidity of the warrant or the want of authority of the Honorable Wardlow Lane to act as Governor of this State in issuing the warrant, appellant's contention is overruled.

There is nothing in this record showing that the State of Texas was seeking to hold the appellant in this State to answer any accusation against him. The executive warrant in no way attempts to subjugate the rights of the arresting officer thereunder to any prior claim of the State of Texas.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### On Motion for Rehearing

WOODLEY, Commissioner.

The extradition warrant signed by Honorable Wardlow Lane as Acting Governor of Texas is attested by Louis Scott Wilkerson, Assistant Secretary of State, under the Seal of the State of Texas.

In the absence of a showing to the contrary, the warrant is sufficient to show the authority of Senator Lane to administer the government of this state and to issue the extradition warrant.

The appeal having been properly disposed of on original submission, relator's motion for rehearing is overruled.

Opinion approved by the Court.

**DEAL et ux. v. CARLTON et al.**

No. 12264.

Court of Civil Appeals of Texas. Galveston.
March 15, 1951.

Rehearing Denied April 5, 1951.

C. H. Chernosky, Robert A. Jircik, of Houston for appellants.

Kennedy & Granberry and F. P. Granberry, all of Crockett, for appellees.

CODY, Justice.

This is an appeal from the order of the court dissolving a temporary restraining order, which had theretofore been issued by agreement pending a hearing on appellants' application for a temporary injunction, and from the refusal of the court, after hearing, to issue the temporary injunction so applied for by appellants.

The appellee in this case, defendant below, was plaintiff in Cause No. 7873 on the docket of the District Court of Houston County styled Dorothy D. Carlton v. Luther Pearson et al. In said Cause No. 7873, Mrs. Carlton sued the defendants therein, on two counts. In the first count, she sought to recover the title and possession of the land described in her petition, and which she had thertofore conveyed to said defendants by executory sale, in formal trespass to try title, and in said first count she sued to recover damages in the sum of $825.00. By her second count, and in the alternative, she alleged the terms of the executory sale of the land, which included the allegations that the defendants had purchased the land subject to first lien in the sum of $4800.00, and had delivered her their purchase money note in the sum of $1,200.00, secured by a vendor's lien upon the land in question. Thereafter, in due course, Mrs. Carlton, upon default of defendants in said cause, regularly took judgment against them upon the first count in her petition, and took title to and possession of the land which was the subject of the executory sale from her to said de-

fendants; and she was also awarded a judgment against said defendants in the sum of $825.00.

Thereafter, Mrs. Carlton caused execution to be issued on her judgment against defendants, and the same was levied by the Sheriff upon a 1950 Chevrolet belonging to one of said defendants, and said automobile was regularly advertised for sale.

Therafter, the defendants in Cause No. 7873, as plaintiffs in Cause No. 7977, upon the docket of the District Court of Houston County, brought suit against Mrs. Carlton, —not seeking in any way to attack the default judgment theretofore rendered against them in Cause No. 7873,—but alleged in substance that while they were in possession of the land (which was the subject of the executory sale to them by Mrs. Carlton), they had placed improvements thereon in good faith of the value of $800.24, and further alleged that they had also made payments on the first lien indebtedness in the sum of $281.10, and by their said suit, the judgment debtors sought to recover from the judgment creditor said sums of money, totaling the sum of $1,081.34. And in connection with said suit, appellants sought a temporary restraining order and a temporary injunction to prevent the sale of the Chevrolet pending final judgment upon the merits of their asserted claims or equities.[1]

The appellants here predicate their appeal upon four formal points, which come to this: That appellants have the right to urge by this independent suit the same equities (to recover for improvements made in good faith upon the land involved in Cause No. 7873, and to recover the sums paid upon the encumbrance thereon) which appellants might have urged by way of counterclaim or setoff in Cause No. 7873, and the court abused its discretion in not enjoining the execution of the judgment in No. 7873 pending the trial of this suit to the end that appellants might offset the judgment obtained in this suit against the judgment obtained in Cause No. 7873.

[1]. The foregoing statement has sacrificed, to a certain extent, accuracy of detail in the interest of brevity and clarity, but has in no sense changed the legal effect of the pleadings or facts involved.

Also, the court erred in holding that it appears from appellants' pleadings that they cannot recover upon a final hearing in this proceeding, so that it would serve no purpose to enjoin the execution pending final judgment herein. We overrule appellants' points.

■ Revised Civil Statutes Articles 7393-7401 furnish an adequate legal remedy by which a defendant in a trespass to try title action can assert an equity to recover for improvements made in good faith upon the land of another, though said statutes were not the original source of the right to such remedy. Scott v. Mather, 14 Tex. 235. It has long been the rule in Texas that a defendant in a trespass to try title action does not lose his equity to recover for improvements made in good faith upon the land of another merely because he does not assert same in the trespass to try title action to evict him, but that he can later bring an independent suit therefor. Long v. Cude, 75 Tex. 225, 227, 228, 12 S.W. 827; Murphy v. Benson, Tex.Civ.App., 245 S.W. 249, 254 (writ refused), and authorities there cited. Whether or not Rule 97, T.R. C.P., has in any way changed this long standing rule, by its provision with respect to compulsory counterclaims, has not been discussed by the parties; and it is not necessary for us to pass thereon in this appeal. In any case, it is manifest that a defendant in a trespass to try title action has been provided with an adequate remedy at law by which he can assert, as against the claim of the plaintiff for damages, his equities to recover for improvements made in good faith. And so, if the party who asserts an equity for improvements made in good faith, deliberately suffers a judgment to be rendered against him, for damages in a trespass to try title action, he is not entitled to have the court, in a subsequent independent suit brought by him, enjoin the execution of the judgment pending the trial and determination of his independent suit for the value of improvements made in good faith.

■ The appellants did not allege, as an independent ground of equity entitling them to the temporary injunction, that appellee was insolvent. While it is true that appellee did not raise such issue in the trial court and so, under the new rules, may not be in a position to raise such issue upon appeal (though we express no opinion with respect thereto); yet in the absence of any issue or evidence bearing on the condition of appellees' solvency being tendered by appellants, the well established presumption will be indulged that there was no change in the status of appellee, as to solvency, between the time the judgment was taken in the first suit, and the time the trial court refused to issue the temporary injunction in this suit. And if appellee's status as to solvency was and is questionable,—and such issue is not in this case,—the legal remedy available to appellants in the former suit was entirely adequate for appellants'. protection.

■ Furthermore, the pleadings of appellants in this suit and the evidence show that they seek to recover compensation for improvements they made upon the land which they were in possession of under an executory purchase, and further show that, without alleging any defect in the appellee's (their vendor's) title, they elected to be dispossessed rather than pay the purchase money which they had obligated themselves to pay. It is settled that, under such circumstances, a vendee cannot recover for improvements made by him while he was in possession. Allen v. Mitchell's Ex'x, 13 Tex. 373; Hollis v. Smith, 64 Tex. 280; First National Bank of Austin v. Jackson, Tex.Civ.App., 40 S.W. 833; Banks v. McQuatters, Tex.Civ.App., 57 S.W. 334; Pollard v. McCrummen, Tex.Civ.App., 160 S. W. 1148; and see Moore v. Giesecke, 76 Tex. 543, 13 S.W. 290. So also with respect to the payments made by appellants upon the first lien note. Id. And if, as we hold they do, appellants' pleadings show that they were not entitled to recover the sums sued for upon final hearing, the court properly refused to issue a temporary injunction to hold matters in status quo pending final hearing.

Judgment is affirmed.