Only three types of licenses are authorized under Art. 6687b, Vernon's Ann.Civ. St. These are "operators", "commercial operators", and "chauffeurs", and they are specially defined in the act.

■ The certificate shows that the appellant was issued an original Texas Operator's License No. 2249173 on November 20, 1942. The certificate further shows that on September 16, 1947, appellant's Texas Commercial Operator License No. 2249173˙ was suspended. The same type and numbered license of appellant was subsequently suspended on June 18, 1948, and again on April 25, 1953. It also shows that "The permanent driver's license ·#2249173 has been removed from the record of Clarence Elmo King because of Non-renewal activity". The date of the removal of the license is not shown. It is not shown what type of license No. 2249173 was when it was removed from appellant's driving record or whether it was cancelled on the issuance of appellant's commercial operator's license, which was later suspended. There is no evidence showing that the appellant had a valid operator's license on May 19, 1961, or if he did that it was suspended.

For the reasons pointed out, the evidence is insufficient to show that appellant's operators license was suspended as alleged, and it does not support the conviction.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

M. L. BAGLEY, Appellant,

v.

M. K. HIGGINBOTHAM, Appellee.

No. 6511.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 11, 1962.

Rehearing Denied Feb. 7, 1962.

E. E. Davis, Dayton, R. E. Biggs, Liberty, for appellant.

John T. Buckley, Cleveland, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the trial court denying a mandatory injunction. In a former suit, appellant recovered a

judgment against appellee for the title and possession of a strip of land upon which a house was situated. While that case was on appeal, appellee moved the house from the land. The judgment was affirmed by the Court of Civil Appeals, 346 S.W.2d 142 and writ of error denied by the Supreme Court. The appellant then filed this suit as a separate action, to compel appellee to move the house back upon the land and deliver possession to appellant. This relief was denied by the trial court.

■ This was not a case in which an injunction was sought to preserve the status quo. The removal of the house had already been completed before this action was filed. Appellant alleged in the application for the injunction that he had no other adequate remedy at law. However, no evidence was offered to show the insolvency of appellee, nor to show the appellant would suffer irreparable damage if the injunction was denied. This case is controlled by the rule of law as set forth in the case, Humble Oil & Refining Co. v. Luckel, Tex.Civ.App., 154 S.W.2d 155, as follows:

> "The general rule is 'that an injunction will not be granted when the person seeking it has a plain and adequate legal remedy as efficient to the ends of justice as the remedy in equity.' Hill v. Brown, Tex.Com.App., 237 S.W. 252, 253; First National Bank in Orange v. Coyle, Tex.Civ.App., 95 S.W. 2d 1337. * * * Appellees' action for damages on this count, * * * had matured before this suit was instituted, for which they had an adequate remedy at law. * * * Appellees made no allegation that appellants were insolvent; in fact, the solvency of the Humble Oil and Refinery Company is a matter of such general

information that it falls within the judicial knowledge of the court."

■ Appellant did not offer any evidence that appellee was insolvent and unable to respond in damages; hence he failed in his proof to negative the existence of an adequate legal remedy. Lewis v. Clark, Tex.Civ.App., 129 S.W.2d 421; and Jeffers v. Rondeau, Tex.Civ.App., 1 S.W.2d 380. See, also, Raine v. Searles, Tex.Civ.App., 302 S.W.2d 486. The granting of an injunction in violation of this time honored provision, that is, in face of an adequate remedy at law, constitutes an erroneous, abuse of the discretionary powers vested in the chancellor. Burdette v. Bell, Tex. Civ.App., 218 S.W.2d 904.

The matter of good faith improvements was not raised by the pleadings nor determined by the judgment in the first case. Such case was more in the nature of a boundary dispute. The able trial judge, who tried both cases, undoubtedly concluded that this issue must be determined in some future action. This rule of law is stated in Deal v. Carlton, Tex.Civ.App., 237 S.W.2d 1000, as follows:

> "It has long been the rule in Texas that a defendant in a trespass to try title action does not lose his equity to recover for improvements made in good faith upon the land of another merely because he does not assert same in the trespass to try title action to evict him, but that he can later bring an independent suit therefor. Long v. Cude, 75 Tex. 225, 227, 228, 12 S.W. 827; Murphy v. Benson, Tex.Civ.App., 245 S.W. 249."

The judgment is affirmed.